(128 So. 901)

### CARPENTER et al. v. CITY OF BIRMINGHAM.

#### 6 Div. 582.

Court of Appeals of Alabama.

Nov. 12, 1929.

Rehearing Denied Jan. 7, 1930.

Oscar Metz, of Birmingham, for appellants.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

**RICE, J.**

This is an appeal from a judgment absolute on a forfeited bail bond.

On November 5, 1928, a scire facias was issued by the clerk of the circuit court to defendant and his sureties, setting forth the conditional judgment on said date rendered by the court, the condition being "unless they appear in this Court on the 15th day of December, 1928, during the session of this Court and show cause why this judgment should not be made absolute." The notice in the scire facias follows the wording of the conditional judgment.

On said 15th day of December, 1928, the defendant and sureties appeared and objected to the hearing of the cause and to the making absolute of the conditional judgment; the gist of the objection being that a conditional judgment on forfeiture of bail cannot be made final at the same term that the conditional judgment was rendered.

Section 3388 of the Code 1923 sets forth the form of conditional judgment. The condi-

tion is thus stated: "Unless they appear at the next session of this Court, and show cause why this judgment should not be made absolute."

Appellants say that the form of conditional judgment set forth in section 3388 must be followed, and that the expression "at the next *session* of this court" means the next *term* of court.

That the word *session*, as employed in the statute, was not used in the sense of *term* of court, we think is quite clear. Prior to the Code of 1923 those statutes dealing with forfeitures employed the words "next term of court." Code 1907, §§ 6355, 6356. Section 3388 of the Code of 1923 (recodification of section 6355 of the Code of 1907) was changed to read next *session*, while section 3389 of the Code of 1923 (recodifying section 6356 of the Code of 1907) provides for *a day certain* during the *session* of the court, instead of "at the next term of said court," as in the prior Code. These changes from "term" to "session" of court were doubtless made in view of the change made in the terms of the circuit courts; whereas in the Code of 1907 (section 3231 et seq.) the terms of the several circuit courts (two per annum) are fixed at stated times, to continue for two weeks; in the Code of 1923 (section 6667) all the circuit courts are given two terms per annum, each covering virtually six months. If anything more were needed, it is to be found in section 6675 of the Code of 1923, which is a legislative definition of the word "session" or "sessions" of court as being "parts of terms of courts" and including "all calls or sittings of the courts during any term."

It appears that the date set out in the conditional judgment and in the scire facias on which appellants might appear to show cause against the conditional judgment was at a different "session," or "call," of the court. While any substantial departure by the court from the forms prescribed would be unauthorized, a literal, verbatim compliance is not required. See Gresham v. State, 48 Ala. 625. The judgment as written, to the effect that the judgment on forfeiture should become absolute, unless appellants appeared and showed cause on the 15th day of December, 1928, is a substantial compliance with the form set out in section 3388 using the expression "at the next session of this court," for the reason, as stated, that the "next session" of the court embraced said 15th day of December.

Upon the considerations stated, the rulings of the trial court were without error. The judgment appealed from is affirmed.

Affirmed.