118 So.2d 725

Earnest LANE

v.

HOUSING AUTHORITY OF the CITY OF ELBA.

4 Div. 17.

Supreme Court of Alabama.

Dec. 17, 1959.

Rehearing Denied March 24, 1960.

J. Hubert Farmer, Dothan, for appellant.

Joe C. Cassady, Enterprise, for appellee.

LAWSON, Justice.

The Housing Authority of the City of Elba filed its bill in the Circuit Court of Coffee County, in Equity, Elba Division, against Earnest Lane seeking injunctive relief, temporary and permanent.

On the day that the bill was filed, the Circuit Judge ordered that a temporary injunction issue as prayed upon the complainant entering into bond in the penal sum of $1,000. The bond was executed and the temporary injunction was issued.

Thereafter the respondent filed his motion to dissolve the temporary injunction. The motion to dissolve was denied and the respondent appealed to this court.

The appeal is authorized by § 757, Title 7, Code 1940. Corte v. State, 259 Ala. 536, 67 So.2d 782.

**384**

The one assignment of error reads:

"1. The Court erred in overruling defendant's demurrers to the bill of complaint in this cause and denying defendant's motion to dissolve the temporary writ of injunction issued in this case."

■ An assignment of error which embraces more than one ruling must, to be sustainable, be good as to all. Seaboard Air Line Ry. v. Hubbard, 142 Ala. 546, 38 So. 750; Brent v. Baldwin, 160 Ala. 635, 49 So. 343; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852; Smith v. Roney, 182 Ala. 540, 62 So. 753; Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172.

■ The demurrer to the bill, if such demurrer was filed, is not incorporated in the record. The record shows no decree overruling demurrer to the bill.

The assignment of error being joint and presenting nothing for review as to the demurrer, must be held bad in its entirety. A similar holding was made in Green v. Waynesboro Motor Co., 217 Ala. 348, 349, 116 So. 363, 364, where we said:

"The first assignment of error is that:

" 'The court committed reversible error in sustaining plaintiffs' demurrers to pleas 1, 2, and 3, filed by the defendant, John A. Green.'

"The demurrer to plea 1, if such demurrer was filed, is not incorporated in the record, and for this reason the assignment cannot be sustained as to plea 1. City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30; Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239. And it is the settled rule here that an assignment of errors embracing several rulings, to be sustainable, must be good as to all. Bobo v. Tally, 213 Ala. 83, 104 So. 32."

The decree of the trial court is affirmed.

Affirmed.

STAKELY, MERRILL and COLEMAN, JJ., concur.

On Application for Rehearing.

Motion to set aside submission denied.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.

Rehearing Denied March 24, 1960.

J. Hubert Farmer, Dothan, for appellant.

Joe C. Cassady, Enterprise, for appellee.