122 So.2d 376

**Odis W. LOGAN**

v.

**Billy H. O'BARR.**

6 Div. 462.

Supreme Court of Alabama.

June 30, 1960.

Rehearing Denied Aug. 18, 1960.

Geo. D. Finley and M. B. Grace, Birmingham, for appellant.

Davies, Williams & Wallace, Birmingham, for appellee.

LAWSON, Justice.

This suit comes here on a nonsuit taken by appellant, plaintiff below, on account of the adverse rulings of the trial court on the pleadings. § 819, Title 7, Code 1940.

On May 16, 1958, Odis W. Logan filed suit in the Circuit Court of Jefferson County to recover damages from the defendant, Billy H. O'Barr, alleged to have resulted from the negligent and wanton conduct of the defendant in operating an automobile which was in a collision on February 24, 1958, at the intersection of 36th Avenue, North, and 63rd Street in the City of Birmingham with an automobile operated by the plaintiff.

On May 30, 1958, the defendant, O'Barr, filed a demurrer which as refiled to the amended complaint was overruled on May 22, 1959.

There appears to be disagreement as to the pleas which the defendant, O'Barr, filed immediately after his demurrer was overruled. One attorney who has filed a brief here on behalf of Logan takes the position that O'Barr filed Pleas One and Two but struck those pleas before filing Pleas Three and Four. On the other hand, another attorney who appears here on behalf of Logan argues in effect that Pleas One and Two were filed and had not been stricken prior to the filing of Pleas Three and Four. Counsel for O'Barr contends that Pleas One and Two were never filed.

The record proper shows that on May 22, 1959, O'Barr filed an instrument which bears the caption "Answer," which instrument as originally drafted consisted of four pleas. Plea One is the general issue. Plea Two is a plea of contributory negligence. Plea Three avers the existence of a judgment in another court which is averred to be "res judicata of this cause." Plea Four also avers the existence of the judgment in the other court, which judgment the plea avers estops the plaintiff, Logan, from maintaining this suit.

Pleas One and Two are set out in the record before us as a part of the "Answer," but two ink lines which cross to form an X have been drawn across those pleas as they appear in this record.

There is no mention of Pleas One and Two in the judgment entry. That entry recites in pertinent parts as follows:

"It is ordered and adjudged by the court that said demurrer be and the same is hereby overruled; *the defendant by separate paper filed interposes pleas Three and Four*, separately and severally, to Counts One and Two as amended, separately and severally." (Emphasis supplied.)

Our decisions support the view that even when there is a conflict between the judgment entry and other parts of the record proper, the judgment entry should prevail. See Clary v. Cassels, 258 Ala. 183, 61 So.2d 692, and cases cited.

We think the record should be construed as showing that the defendant, O'Barr, filed only Pleas Three and Four.

On June 10, 1959, the plaintiff, Logan, filed a motion to strike Pleas Three and Four. On the same day without waiving his motion to strike, Logan filed a demurrer to those pleas and also without waiving his motion to strike or his demurrer, Logan, on the same day, filed his Replications One, Two and Three to the defendant's Pleas Three and Four. Replication One was directed to Plea Three. Replication Two went to Plea Four and Replication Three was directed to Pleas Three and Four.

The trial court, on June 10, 1959, overruled the plaintiff's motion to strike, as well as his demurrer to the defendant's Pleas Three and Four.

The defendant thereupon, in open court, filed demurrer to the plaintiff's Replications One, Two and Three, which demurrer was sustained as to each of the replications.

Plaintiff Logan then filed his Replication Four directed to defendant's Pleas Three and Four. The defendant thereupon demurred to plaintiff's Replication Four. The demurrer was sustained.

Plaintiff thereupon moved for a nonsuit "on account of the adverse rulings of the court against the plaintiff." The motion was granted and a judgment of nonsuit entered. As shown above, this appeal was then taken by the plaintiff in accordance with the provisions of § 819, Title 7, Code 1940.

Logan has assigned as error the action of the trial court in overruling his motion to strike O'Barr's Pleas Three and Four, in overruling his demurrer to those pleas, and in sustaining O'Barr's demurrer to Logan's replications.

Where several adverse rulings, taken together, superinduced the nonsuit and such fact or necessity is apparent by the record, all of such adverse rulings will be considered on appeal where proper assignments of error are made and argued. Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401.

The record in this case, we think, sufficiently shows that it was the cumulative effect of the several rulings assigned as error which superinduced the nonsuit. Consequently, all of such adverse rulings assigned as error and properly argued in briefs filed on behalf of Logan will be considered. Berlin Machine Works v. Ewart Lumber Co., supra.

There is no merit in the assignment of error to the effect that the trial court erred in overruling Logan's motion to strike Pleas Three and Four. Demurrer, and not motion to strike, is the appropriate method of testing the sufficiency of pleas. May v. Strickland, 235 Ala. 482, 180 So. 93; Davis v. Jones, 236 Ala. 684, 184 So. 896; Harris v. Barber, 237 Ala. 138, 186 So. 160. Motions to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivolous or unnecessarily repeated. May v. Strickland, supra, and cases cited.

We come now to a consideration of the assignment of error to the effect that the trial court erred in overruling Logan's demurrer to Pleas Three and Four.

Plea Three reads as follows:

"Defendant says that after this suit was filed in the Circuit Court of Jefferson County, Alabama, by the plaintiff, the defendant filed suit against the plaintiff in the Intermediate Civil Court of Birmingham claiming damages for injuries to defendant's automobile resulting from the same automobile collision which is the basis of this case, and in said case in the Intermediate Civil Court of Birmingham the plaintiff herein filed a plea of recoupment claiming the same property damages to plaintiff's automobile and the same bodily injuries which are claimed in the case at bar, and the Intermediate Civil Court of Birmingham awarded a judgment for the present defendant against the present plaintiff in the amount of Three Hundred ($300.00) Dollars on, to-wit, August 22, 1958, at which time the Intermediate Civil Court of Birmingham denied the present plaintiff's plea of recoupment claiming the same damages as in the case at bar, and said judgment in the Intermediate Civil Court of Birmingham is final as no appeal has been taken within the time permitted by the law of this State. Defendant further avers that the issues tried and determined in said suit in said Intermediate Civil Court of Birmingham were the questions of whether the present plaintiff herein was guilty of negligence on the occasion of this accident, which proximately damaged the defendant and if so, whether the present defendant herein was guilty of negligence which proximately contributed to his alleged injuries and damages. Defendant further avers that said judgment in the Intermediate Civil Court of Birmingham necessarily determined and adjudicated that plaintiff herein was guilty of negligence that proximately contributed to or proximately caused the present defendant's injuries and damages to defendant's automobile and that plaintiff herein was guilty of negligence that proximately contributed to or proximately caused his property damages and bodily injuries which are claimed in the suit at bar; defendant further avers that said judgment in the Intermediate Civil Court of Birmingham determined and adjudicated that defendant herein was not guilty of negligence which proximately contributed to or proximately caused his own property damages, or actionable negligence which proximately contributed to or proximately caused the property damages or personal injuries sustained by the plaintiff herein.

"The defendant attaches hereto as Exhibit 'A', and makes a part hereof, a copy of the complaint as filed by this defendant in said lower court and on which the trial was had; and attaches as Exhibit 'B', and makes a part hereof, a copy of this plaintiff's counter claim as filed by this plaintiff in said lower court and which said counter claim was there tried, all with the result hereinabove averred.

"New Paragraph: Defendant avers that the present plaintiff has had a trial in the Intermediate Civil Court of Birmingham based on his claim for damages against this defendant for the same occurrence named in the present suit; and that the present action, if allowed, would constitute a splitting of the cause of action.

"Defendant avers that the judgment in said suit in the Intermediate Civil Court of Birmingham is res judicata of this cause; wherefore, defendant avers that plaintiff ought not to recover."

■ Four grounds of demurrer were addressed to Plea Three. The first ground reads: "Said plea fails to aver that said Intermediate Civil Coutt [sic], in which said allged [sic] judgment was obtained against this plaintiff, had jurisdiction of said cause." There is no merit in this ground of demurrer. This court takes judicial notice of the jurisdiction of the Intermediate Civil Court of Birmingham. Mobile County v. Byrne, 218 Ala. 5, 117 So.

83. The complaint filed by O'Barr and the plea of recoupment filed by Logan, both of which are made exhibits to Plea Three, affirmatively show that the accident happened within the territorial jurisdiction of the Intermediate Civil Court of Birmingham. The amount of damages claimed in the complaint and in the plea of recoupment were within the jurisdiction of that court. Act No. 564, approved September 9, 1949, Acts 1949, p. 891.

██ The other three grounds of demurrer are to the effect that Plea Three shows on its face that the Intermediate Civil Court of Birmingham did not have jurisdiction "of said cause" because it is shown in that plea that the suit in the Circuit Court by Logan against O'Barr was pending at the time O'Barr filed his suit against Logan in the Intermediate Civil Court of Birmingham.

The mere pendency of the suit in the Circuit Court would not have deprived the Intermediate Civil Court of Birmingham of jurisdiction over a suit subsequently filed in that court by Logan against O'Barr. It would only have furnished an occasion for an abatement of a subsequent suit. But until abated, the subsequent suit could proceed to final judgment, even before the former comes on for trial and could then be res judicata of the former. Strother v. McCord, 222 Ala. 450, 132 So. 717; Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412.

It follows that if the Intermediate Civil Court of Birmingham could have proceeded to final judgment in a suit by Logan against O'Barr wherein Logan's cause of action was based on the same collision, unless the suit in the Circuit Court was pleaded in abatement it could proceed to final judgment in a suit by O'Barr against Logan when, according to the averments of Plea Three, Logan not only failed to question the jurisdiction of the said inferior court, but sought affirmative relief against O'Barr by filing his plea of recoupment.

We are not called upon to decide whether an appropriate plea filed by Logan in the said inferior court setting up the pendency of the suit by Logan against O'Barr in the Circuit Court would have operated to prevent the further maintenance of the suit by O'Barr in the said inferior court.

Plea Three, in our opinion, shows that the parties in the litigation in the Intermediate Civil Court of Birmingham are the same as the parties in this suit in the Circuit Court. The subject matter is the same. O'Barr's negligence, which is the basis of Count One of the complaint in the Circuit Court case, was directly in issue in the trial in the Intermediate Civil Court of Birmingham and a judgment on that point was rendered at the conclusion of that trial.

We are of the opinion that Plea Three is a good plea of res judicata as against the grounds of demurrer interposed to it and that the trial court did not err in overruling the demurrer to Plea Three.

The form of Plea Three is not questioned by any ground of demurrer, nor does any ground raise the point that the judgment in the Intermediate Civil Court cannot be res judicata of Count Two of the complaint in the Circuit Court which charges O'Barr with wantonness. That question is not discussed in brief and is not considered here.

██ The action of the trial court in overruling demurrer to Plea Four is assigned as error jointly with the action of the court in overruling demurrer to Plea Three. We have heretofore shown that we are of the opinion that the court did not err in overruling demurrer to Plea Three. An assignment of error which embraces more than one ruling must, to be sustainable, be good as to all. Lane v. Housing Authority of the City of Elba, Ala., 118 So.2d 725,[1] and cases cited. We are not called upon, therefore, to give any separate consideration to the sufficiency of Plea Four as against the demurrers interposed thereto.

1. 270 Ala. 383.

■ In his Replication One, which is addressed to Plea Three, the plaintiff, Logan, avers in part as follows:

"* * * that although this plaintiff filed in said Intermediate Civil Court a plea in abatement to defendant's said suit, showing that said Intermediate Civil Court, did not have jurisdiction over said cause, due to the fact that said cause was already pending in Circuit Court at Birmingham, Ala., said Court overruled said plea in abatement, thereby attempting to take away from said Circuit Court its jurisdiction of said action, and said Court rendered a judgment against this plaintiff for $300.00. Immediately after said judgment was rendered, plaintiff took an appeal bond appealing said case to the Circuit Court with jury demanded thereon, and filed same with the clerk of said Inferior (Intermediate Civil Court), and thought that same had been appealed; but it appears that said bond was not honored or it was lost or mislaid, so that same appears not to be now available. * * *"

Logan's failure to have the ruling on his plea in abatement reviewed by the Circuit Court of Jefferson County on appeal does not avoid the averments of Plea Three. In our opinion demurrer to Replication One was sustained without error.

Replication Two is in substance the same as Replication One except it is addressed to Plea Four. The demurrer to Replication Two was in our opinion sustained without error.

Replication Three seems to be designed to question the constitutionality of the acts of the Legislature which created and which define the jurisdiction of the Intermediate Civil Court of Birmingham. In regard to this replication, it is sufficient to say that in the briefs filed here on behalf of the appellant, Logan, no reference is made to the action of the trial court in sustaining demurrer to that replication.

The same may be said of Replication Four, which was addressed to both Pleas Three and Four, which charges, in effect, that O'Barr in bringing his suit in the Intermediate Civil Court of Birmingham acted fraudulently and "for the purpose of robbing or defwating [sic] the jurisdiction" of the Circuit Court. No mention is made in appellant's briefs of the action of the trial court in sustaining demurrer to Replication Four and consequently the trial court's action thereon will not be considered here.

■ In both briefs filed on behalf of the appellant, Logan, references are made to matters which do not appear in this record. We see no occasion to make specific mention of those references because the rule is well settled that we cannot consider statements in appellant's briefs not supported by the record. Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 59 So.2d 595, and cases cited; Christian v. Reed, 265 Ala. 533, 92 So.2d 881.

We have considered the questions which we believe have been adequately presented for treatment and have not attempted to deal with other questions. We find no reversible error and the judgment of the Circuit Court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.