134 So.2d 193

**POWELL AMBULANCE SERVICE**

v.

**Clister COOLEY.**

**1 Div. 817.**

Supreme Court of Alabama.

Nov. 2, 1961.

Vincent F. Kilborn and Willis C. Darby, Jr., Mobile, for appellee.

Johnston, McCall & Johnston, Mobile, for appellant.

COLEMAN, Justice.

This is an appeal by defendant from a judgment in favor of the plaintiff in an action at law for damages for personal injury allegedly sustained by the plaintiff as the result of being thrown from or falling out of an ambulance operated by defendant.

Plaintiff worked at a barroom and dance hall from 4 p. m. to 2 a. m., except Saturdays when she got off at midnight. On the night in question, after she got off from work, she did not leave the place until

about an hour afterward. She "was up there drinking" and was "drunk" when she got home after midnight. She rode home with a man named Bob. She somehow received a cut on her nose and was bleeding. She woke up her daughter and had an argument with her. The police were called. Plaintiff took some pills and lay down on a sofa, apparently unconscious. The pills were probably calcium tablets. The chronological order of events is not certain.

In response to a call, defendant sent an ambulance and plaintiff, apparently unconscious, was placed in it to be taken to a hospital. There was a driver for the ambulance but no other attendant. On the way to the hospital plaintiff, in some unexplained manner, left the ambulance and suffered bruises and abrasions which later became infected and required hospitalization. The driver did not testify how plaintiff left the ambulance and neither did she. When the driver heard a door slam he discovered plaintiff's absence from the vehicle, stopped it, and saw plaintiff some 75 to 100 yards behind him, in the road 4 or 5 feet from the side of the pavement.

The complaint consisted of one count. Defendant filed a plea of the general issue and two pleas of contributory negligence. Demurrer was sustained to the pleas of contributory negligence, and the case was tried on the complaint and the plea of not guilty.

Defendant argues assignments of error relating to admission of evidence and refusal of requested charges.

### Assignment 4.

The evidence complained of tended to show that a Mr. Powell, apparently acting as a defendant, had visited plaintiff and had made certain declarations against the interest of defendant. Assignment 4 recites:

"4. The Court erred in permitting the witness Rochelle Winters to testify as follows; over the timely objections of the Defendant:

"'He said that he knew he should have more than one person in the ambulance and he would get his license taken away or have to pay more money for the insurance * * *'

"'And he told her that he'd get his license taken away or he'd have to pay more money for insurance, on his insurance bill and if she just wouldn't take it any further,—your—you know, —say anything about it, that he'd pay for the medicine bills and all.'"

The record shows that the two answers quoted in Assignment 4 were made by Rochelle Winters, the daughter of plaintiff, testifying on direct examination as follows:

"Q. Can you tell us what else was said by Mr. Powell and by your mother there? A. You want me to go ahead and finish?

"Q. Yes,—go ahead and tell us—

"The Court: Not about the rest of the conversation, but I take it your question deals not with any possible compromise of the matter.

"Q. Not with what he offered to do for her, or may have offered to do for her, but what else he said, including any reasons that he gave to you? A. He said that he knew he should have more than one person in the ambulance and he would get his license taken away or have to pay more money for the insurance—

"Mr. Johnston: I'm going to object, if Your Honor please.

"The Court: On what grounds, please sir?

"Mr. Johnston: Well, it's certainly not an admission against interest. It's not any legal requirement that anyone knows of that he have any more than one there. There is no law that states he should, and about his license being taken away,—there's no law that re-

quires him,—he wasn't even present when any of this took place.

"The Court: With reference to what the law is or isn't, I don't want the jury to gain the impression that the Court is ruling on that in connection with ruling on your objection. Your objection however is overruled.

"Mr. Johnston: Exception.

"A. And he told her that he'd get his license taken away or he'd have to pay more money for insurance, on his insurance bill and if she just wouldn't take it any further,—your—you know, —say anything about it, that he'd pay for the medicine bills and all.

"Mr. Johnston: I'm going to move to exclude that on the same grounds. Offer of a compromise."

Defendant contends that admitting the quoted testimony in evidence was error for that the statement attributed to Powell: (1) is an admission of matter of which the declarant did not have knowledge and (2) is an offer to compromise.

Before discussing defendant's contentions, we note that the defendant is described in the complaint and in the summons as "Powell Ambulance Service, By Whatever Name Legally Known." Summons was served on "Arthur Powell, Jr., as coowner." We understand that the Mr. Powell who allegedly made the statement is the father of Arthur Powell, Jr. The complaint does not disclose whether the defendant is a corporation, partnership, or an individual proprietorship. To the manner of designating the defendant, defendant has raised no objection in either the trial court or this court. The declarant, Mr. Powell, who is supposed to have made the statements to which the witness testified, is not named in the complaint as a defendant. Powell did not testify. From the evidence, however, we understand that he was one of the owners of the defendant company and that his statements are to be regarded as statements made by the defendant. Defendant does not argue that the statements were inadmissible because not made by a party to the suit, and, therefore, we have considered them as being made by the real party in interest as defendant.

■ We are of opinion that Assignment 4 is without merit because it embraces two rulings of the trial court and one of the rulings is not erroneous.

Defendant did not object to the first question until after it had been answered. Defendant did not move to exclude the answer but merely objected to it. Assuming arguendo, however, that the first answer was inadmissible, should have been excluded, and that the court erred in failing to exclude it, that does not show that both of the rulings of the court which are combined in Assignment 4 were erroneous.

When defendant moved to exclude the second answer on the ground that it showed an offer of compromise, the court promptly and emphatically instructed the jury that: "The Court does not want to permit to come into the evidence of this case any evidence bearing on an alleged compromise. * * * the Court is * * * directing the Jury that that part is excluded * * *. With that statement by the Court, the objection is overruled."

■ Thus it appears that the court granted defendant's motion to exclude the testimony showing an offer of compromise. The court did all that defendant asked the court to do with respect to the second answer. Consequently, we are of opinion that no error is shown as to the admission of the second answer in evidence.

■ An assignment of error which embraces more than one ruling must, to be sustainable, be good as to all. Lane v. Housing Authority of City of Elba, 270 Ala. 383, 118 So.2d 725, and numerous authorities there cited. Assignment 4 is not good as to all the rulings embraced in it and, therefore, is not sustained.

## Assignment 5.

Assignment 5 asserts that the court erred in permitting the plaintiff to testify with reference to the statement attributed to Mr. Powell as follows:

"Q. What was the conversation about the accident?

"Mr. Johnston: We object—

"The Court: Overruled.

"Mr. Johnston: Except.

"A. He just came up there and looked at me and told me he didn't want me to say anything to a lawyer, or to the insurance company, because he knew he was wrong in not having two people in there and that he would take care of my medical bills.

"Mr. Johnston: Your Honor, please, I move to exclude her answer there.

"The Court: This party has been identified by this witness as one of the operators of this Defendant Company. I overrule the motion.

"Mr. Johnston: Your Honor, please, I would like to put in the grounds of it shows an offer to compromise.

"The Court: Well, of course that ought to have been made before a ruling by the Court. The Court has already ruled on the objection you made, but I'm not going to shut you off or try to keep you from getting into the record whatever you want, you go ahead.

"Mr. Johnston: I move to exclude it for that reason,—it shows—there was no way for me to tell what she was going to say, and it's an effort to show an offer to compromise.

"The Court: I overrule the motion.

"Mr. Johnston: Exception."

■ As was pointed out by the court, neither the objection to the question nor the motion to exclude advised the court of the specific ground of objection which defendant sought to interpose after the court had ruled. The general objection only, without stating the grounds relied on, operated as a waiver of the specific objection, as for an offer to compromise. Powell v. Pate, 30 Ala.App. 10, 1 So.2d 36. Assignment 5, therefore, is not sustained.

## Assignment 10.

Assignment 10 asserts error in refusing defendant's requested Charge 6 which recites as follow:

"6. The Court charges the Jury that if you are reasonably satisfied from the evidence in this case that the plaintiff, although she was in an intoxicated condition, nevertheless could reco(g)-nize and appreciate the danger of jumping out of the defendant's ambulance while it was moving, but, nevertheless, with disregard for her own safety, jumped out of the defendant's ambulance and that this was the sole and proximate cause of the plaintiff's injuries and damages, then your verdict should be for the defendant."

■ The only plea on which the case was tried was the general issue. Charge 6 is an instruction upon the question of plaintiff's contributory negligence. That question was not presented by the pleadings on which the case was tried and, therefore, Charge 6 was refused without error. Kansas City, Memphis & Birmingham R. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262; Adams v. Crimm, 177 Ala. 279, 58 So. 442; Seaboard Air Line Ry. Co. v. Pemberton, 202 Ala. 55, 79 So. 393; Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228.

## Assignment 18.

■ Defendant's refused Charge J was fairly covered by the oral charge and given Charges A and D.

Error not being shown, the judgment appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

