156 So.2d 381

**J. O. BAILEY et al.**

v.

**STATE.**

**8 Div. 900.**

Court of Appeals of Alabama.

Aug. 27, 1963.

Glenn F. Manning, Huntsville, for appellants.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for appellee.

PRICE, Presiding Judge.

This is an appeal from a final judgment upon forfeiture of a bail bond. The appeal is on the record proper.

One Elmer Richard Lawson was indicted for burglary in the second degree. He made an appearance bond with these appellants and another as his sureties.

Lawson having failed to appear when the case was called for trial, a judgment nisi was rendered. A scire facias issued and final judgment was rendered against the appellants, J. O. Bailey and Geneva Bailey, for the sum of $750.00.

It is first argued that the record fails to show that the scire facias, issued on the judgment nisi, was executed on the appellants.

The final judgment recites, in pertinent part:

"* * * it appearing to the Court that Notice of the Ni Si Judgment in this cause was had by the Sheriff on two of the Defendant's Sureties, J. O. Bailey and Geneva Bailey, for more than thirty days before this day, and the said J. O. Bailey and Geneva Bailey having failed to show to the satisfaction of the Court good cause why said judgment should not be made final."

Section 214, Title 15, Code of Alabama 1940, provides that notice of the rendition of a nisi judgment in forfeiture proceedings must be issued to each defendant, and Section 216, Title 15, Code, supra, provides that the notice must be returned by the officer

executing it, with his proper return thereon endorsed.

The unsigned sheriff's return appears in the record as follows:

"Executed by Serving Copy on J. O. Bailey and a copy on Geneva Bailey, this June 3, 1962. Mrs. Doris Maynard and Elmer Richard Lawson reported out of State, therefore not found in Madison County, Alabama.

———————————, Sheriff"

■ Generally, the recitals in the final judgment import verity, unless contradicted by other portions of the record. Cantaline v. State, 33 Ala. 439; Robertson et al. v. State, 28 Ala.App. 95, 181 So. 705.

In Logan v. O'Barr, 271 Ala. 94, 122 So. 2d 376, the court said:

"Our decisions support the view that even when there is a conflict between the judgment entry and other parts of the record proper, the judgment entry should prevail. See Clary v. Cassels, 258 Ala. 183, 61 So.2d 692, and cases cited."

■ Moreover, there appears in the record a motion to set aside and vacate the final judgment. The court overruled the motion and this ruling is assigned as error. The final judgment was rendered on November 12, 1962. The motion was filed on January 30, 1963. The appeal is from the final judgment of forfeiture. To review the action of the court denying relief on the motion, the appeal must be from the ruling on the motion, Hamby v. Sherrod, 248 Ala. 16, 26 So.2d 105, and the order overruling the motion is not assignable as error on appeal from the original judgment. McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 27 So.2d 499.

■ The trial court's order overruling the motion is not presented for our review, and we refer to it merely to point out that although it is urged in brief that the judg-

ment should have been set aside and vacated because appellants had no notice of the conditional judgment of forfeiture, it is not alleged in the motion that the appellants did not have notice. Nor does the record contain any showing that appellants and their attorney were not present in court with full opportunity to show cause why judgment final should not be entered. In the absence of some showing to the contrary, the recitals in the judgment entry are presumed to be true, and we think they should prevail over the unsigned sheriff's return copied into the record.

The material portion of the appearance bond is as follows:

"We, Elmer R. Lawson and Sureties do agree to pay the State of Alabama Seven Hundred & 50/100 $750.00 DOLLARS, unless the said Elmer R. Lawson appear at the ~~Madison~~ Morgan County Court, on the ——————— day of ——— 19— at ——————— A.M. and from term to term thereafter until discharged by law, to answer criminal prosecution for the offense of ——— ——————— Second Degree Burglary."

■ Counsel for appellants urge that the bond is void, in that, the record shows that Lawson was arrested upon an indictment returned in the Circuit Court of Morgan County and the bond was conditioned that the accused shall appear before the Morgan County Court; that the Morgan County Court has criminal jurisdiction of misdemeanors only, and that the bond was not breached by the principal's failure to appear in a court separate and distinct from the one in which he contracted to appear; and furthermore, the circuit court lacked jurisdiction to forfeit a bond conditioned for the appearance of an accused before the Morgan County Court.

We find no merit in the contention that the designation of the Morgan County Court as the one in which the accused was requir-

ed to appear invalidated the bond and released the sureties.

In West v. State, 75 Fla. 342, 78 So. 275, where a similar question was under consideration, the court said:

"The laws of the state enter into and become a part of the contract made in this state. When these respondents entered into the undertaking to have the body of Russell forthcoming, the law entered into and became a part of their contract or obligation, and as the law provides for the terms of the state courts in Duval county, and provides what court shall have jurisdiction to try the case with which Russell was charged, these defendants are held to a knowledge in what court their obligation required the said Russell to appear.

\* \* \* \* \* \*

"It is clear to our minds that \* \* \* it is simply a case where an appearance bond, through a clerical error, contained a misdescription or misnomer of the court. It was the only court which had jurisdiction to try the offense charged; and a mere misdescription or misnomer of the court will not render the bond void, nor relieve the sureties thereon."

In the case of People v. Carpenter, 7 Cal. 402, the court held that:

"It was unnecessary for the bond to set forth the particular court in which it was the duty of the party to appear. The law has provided in what court such offenses are triable, and the law enters into and formed a part of the undertaking of the defendant."

 The record clearly shows that Lawson was in custody on an indictment for a felony. The bond sets forth alleged crime with which he was charged. The jurisdiction of the County Court of Morgan County, Alabama, created by Act no. 933, approved September 9, 1961, Acts of Alabama 1961, p. 1499, is limited to misdemeanors. There was no court in Morgan County in which there could be a prosecution by indictment for felony except the circuit court. We think there is a sufficient compliance with the statute if the principal knows where and in what court he is to appear. This he clearly did.

The Judgment of the Court below is Affirmed.

Affirmed.

JOHNSON, J., recuses self.