216 So.2d 724

### MADISON HIGHLANDS DEVELOPMENT COMPANY

v.

Claude E. HALL et al., d/b/a Hall Bros. Excavating and Paving.

8 Div. 310.

Supreme Court of Alabama.

Dec. 12, 1968.

Culver & Miller, Huntsville, for appellant.

Smith, Johnston & Walker, Huntsville, for appellees.

BLOODWORTH, Justice.

This action was filed in the circuit court of Madison County, in equity, by complainants (appellees), Claude E. Hall and Wayne H. Hall, doing business as Hall Bros. Excavating and Paving, against respondent (appellant), Madison Highlands Development Company, a corporation. It sought to establish and perfect a materialman's lien for $1,348.20 against "all the lots and blocks in Madison Highlands Subdivision," real estate owned by Madison Highlands Development Company in Madison County, Alabama.

The bill of complaint prayed that the court adjudge a lien in favor of the complainants upon the above described real estate and upon the "building" situated thereon for the amount of their claim and upon failure of respondent to pay the same, that the property be sold by the register for satisfaction of the lien claim. A verified notice of lien, which was filed for record in the office of the probate judge of Madison County, Alabama, was attached to the bill of complaint and by reference incorporated therein. The respondent filed an answer to the bill of complaint which denied each material allegation of the bill.

The trial court heard the evidence ore tenus January 29, 1968. It rendered its decree March 11, 1968 finding in favor of complainants and against the respondent in

the amount of $1,348.20, and established the lien prayed for.

It was further ordered by the court below that unless the sum of money found to be owing and court costs were paid within thirty days from the date of the decree, the register should sell the real estate for cash to the highest bidder, and pay complainants the amount of the lien, the costs of court, with the balance, if any, to the respondent.

The evidence showed that Harry Miller, president of respondent company had contracted with Claude Hall, one of the complainants, to supply "plant mix" to a contractor named "Higginbotham" who was engaged by Miller's company to pave streets in a subdivision Miller's company was developing. Miller agreed to pay for all the "plant mix" so supplied. Payment was to be made on a weekly basis.

On June 19, 1964, Miller and the complainants' bookkeeper became embroiled in an argument concerning a letter which he had sent Miller demanding payment for "plant mix" supplied to Higginbotham by complainants. The argument culminated in Miller's attempt to revoke his agreement to pay for "plant mix" that Higginbotham got from that day forward.

Claude Hall, one of complainants, testified that after being informed of the argument and within two days thereafter he called upon Miller at his office in order to apologize for the incident, and to try to "patch it up as best I could." He further testified that Miller apologized to him and said, "I got mad and blew my stack there and made a lot of noise, I am sorry it happened, and we will just forget it happened." There was evidence to the effect that the original agreement was still considered in force by the parties.

Miller categorically denied that this conversation ever took place, or that he ever agreed, subsequent to having revoked his original responsibility for the payments to the complainants to be responsible again for such payments. He testified that on June 19, 1964, he wrote a letter to complainants in which he confirmed that he would not pay any bill except those purchased upon written request by himself. Complainants denied receiving such letter.

Miller also testified that he had no knowledge that Higginbotham was receiving plant mix from June 19, 1964, until he received a statement after August 10, 1964.

■ The first seven assignments of error relate to alleged improper admission of evidence in the case by the court below. Since objections were made by both counsel and ruled on by the trial court, his rulings are subject to appropriate review by this court. See: Judge J. Russell McElroy's excellent work "The Law of Evidence in Alabama," 2nd Ed., 1962, Sec. 426.01(18), p. 240, et seq.; Chastain & Blass Real Estate & Ins., Inc. v. Davis, 280 Ala. 489, 195 So.2d 782.

■ *Assignment of Error No. 1* claims error in the trial court's overruling respondent's objection to a question asked by complainants of witness, Claude E. Hall, viz:

"Q. And for how long did you follow that procedure? When did you supply your last material?"

which objection was overruled by the court and respondent duly excepted. But, the record clearly shows that the objection came too late, after the question was answered. Therefore, there is no error herein. An objector cannot speculate on the answer to a question by waiting until it is answered, then objecting and subsequently claiming error when overruled.

"* * * a party may not sit idly by and voice no objection to a question until after it is answered, speculating as to what the answer will be, and if unsatisfactory, thereafter invoke the ruling of the court." Gilbreath v. Gilbreath, 278 Ala. 289, 177 So.2d 915.

■ *Assignment of Error No. 2* charges error on the part of the court below in not excluding, upon motion of respondent, the

answer (to the question appearing above), viz:

"A. Well, it's standard procedure at the plant that the driver signs the ticket."

But, having failed to make objections, as pointed out, supra, respondent has waived this alleged error. Gilbreath v. Gilbreath, supra.

With respect to *Assignment of Error No. 3,* the trial court is charged with having committed error in not excluding upon motion of respondent his answer to the following question asked witness Hall, viz:

"A. Do I have a knowledge that that went to that job?

"Q. Yes, sir.

"A. The only knowledge I have is Higginbotham's own statement that Harry took it out on his payment when he paid it."

Respondent claims the last answer should have been excluded as being hearsay and unsolicited [unresponsive]. While the answer may be hearsay, it is clearly responsive to the question and therefore admissible. For previously, respondent's attorney, Mr. Culver, asked this question of witness Hall:

"Q. * * * you don't know of your own personal knowledge that this material went to this job as a matter of fact now, do you, Mr. Hall? * * *"

to which the witness countered with a question:

"A. Do I have a knowledge that that went to that job?"

and, to which the questioner, Mr. Culver, answered:

"Q. Yes, sir."

Whereupon the quoted answer which is the subject of the motion to exclude was made.

It is obvious from the record that the questioner changed his question from asking for "personal knowledge" to "knowledge" generally, and the witness answered the question responsively. The respondent cannot now complain.

In *Assignment of Error No. 4* respondent complains of error in the trial court's overruling its objection to the following question asked by complainants of witness Hall, viz:

"Q. Now, do you normally wait six weeks before sending out a bill in your business?"

There was an objection, it was overruled and exception noted, but the question was never answered. Therefore, there is no error here. "Where there is no answer to a question, any error in asking the question is harmless." State v. Hodge, 280 Ala. 422, 194 So.2d 827; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

Thereafter a similar question was asked by complainants of witness Hall, but there was no objection to the second question and it is therefore waived. "We have held that when an objection to a question has been ruled on by the court, but is repeated in a slightly different form, objection must be made again to the question or the answer." State v. Hodge, supra; Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522.

*Assignment of Error No. 5* charges the court below with error in not excluding, upon motion of the respondent, the answer to the following question:

"Q. Now, Mr. Hall, you have already testified that Mr. Higginbotham's name was never mentioned in that conversation.

*     *     *     *     *     *

"A. I didn't say it was mentioned at this time either. I said due to the fact that he knew the job wasn't finished, and that Higginbotham hadn't finished the job, and that we had patched this little disagreement that the bookkeeper and he had had the day or so after their disagreement, and he knew that Higgin-

botham hadn't finished the job and that he was continuing picking up plant mix from us to finish the job with. And he withheld it out of Higginbotham's pay, deducted it from him during the job."
There is, likewise, no error here. First, the motion was to exclude the entire answer. Part of the answer is certainly not objectionable and therefore the motion is properly denied. Certainly the answer was responsive to a previous question, viz:

Q. So getting back to the question, *you of your own knowledge do not know whether Mr. Miller was aware* of the fact that Mr. Higginbotham was getting plant mix from Hall Brothers from June the 19th, the date he told you not to give him any more, that he would not be responsible, until August 10th or thereabouts?" [Emphasis supplied.]

Whereupon, in answer thereto, witness Hall answered, viz:

"The only thing I could say that I know he was aware that Higginbotham was getting it from us."

Whereupon respondent's attorney then asked:

"Q. How, sir?"

And witness answered:

"A. By the fact that I went down and we had patched this thing up that came between our bookkeeper, and they still needed plant mix to go on the job, and Higginbotham * * *."

Then a colloquy ensued between respondent's attorney, witness Hall, and attorney Johnston for complainants. Thus, it seems clear to this court that the answer was responsive as called for by the previous questions and is simply reiterated by the witness in his testimony.

*Assignment of Error No. 6* claims error in the overruling by the court below of respondent's objection to the following question asked by complainants of their witness Hall, viz:

"Q. Normally, in your course of business, you would have sent him a statement in less than six weeks, would you not?"

Thereupon objection, which was overruled, but the question was never answered. Therefore, no error. State v. Hodge, supra; Southern Electric Generating Co. v. Leibacher, supra.

*Assignment of Error No. 7* is that the court below committed error in overruling respondent's objection to the question asked by complainants of witness Hall, and further in overruling respondent's motion to exclude the answer thereto. The question and answer being, viz:

"Q. Normally wouldn't you send out a bill from July the 1st until August the 10th, that's almost six weeks?

*       *       *       *       *       *

"A. Yes. Under these circumstances and our agreement, I am sure we would have, because our agreement was once a week."

Here, the court never ruled on the objection. The question was then answered. Hence, there is no ruling of the court below for this court to review. Also, the objection was a general one, no grounds being given and the question was not so palpably and patently illegal that it could not be rephrased so as to obviate error. Likewise, the motion to exclude stated no grounds. And, an assignment of error which embraces more than one ruling must to be sustainable, be good as to all. Lane v. Housing Authority of City of Elba, 270 Ala. 383, 118 So.2d 725; Powell Ambulance Service v. Cooley, 273 Ala. 58, 134 So.2d 193. As heretofore demonstrated, there was no ruling on the objection and this part of the assignment is not good.

As to *Assignments of Error Nos. 8, 9 and 13,* after a careful reading of the transcript this court finds that the evidence is insufficient to establish a lien on the suit property, as the proof is insufficient to show with reasonable satisfaction that the "plant

mix" was delivered to and became a part of an "improvement" to the land. "We have held that for a mechanic's or materialman's lien to attach, *the materials must not only be furnished, but be used or become a part of the improvement.*" [Emphasis supplied.] Howell v. Hallett Manufacturing Co., 278 Ala. 316, 178 So.2d 94; Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730.

 The burden is on the materialman to show with reasonable satisfaction that the goods were used in the building [or "improvement"]. May & Thomas Hardware Co. v. McConnell, 102 Ala. 577, 14 So. 768; Howell v. Hallett Manufacturing Co., supra.

We are not unmindful of the rule that the "reviewing" court must indulge all reasonable presumption in favor of the trial court's finding when evidence is taken ore tenus. But, this court is satisfied that the trial court's fixing of a lien on the property is not supported by the evidence. Howell v. Hallett Manufacturing Co., supra.

With respect to *Assignments of Error Nos. 10, 11 and 12,* charging that the decree is contrary to the weight of the evidence, law and fact, unjust and palpably wrong, this court again being fully mindful of the rule above alluded to and having indulged all reasonable presumptions in favor of the trial court's finding, is of the opinion that the decree with respect to the judgment feature is not contrary to the weight of the evidence, law or fact, is not unjust nor palpably wrong.

The evidence is amply sufficient to prove that Miller and Hall made a contract in the early part of January 1964, whereby Hall agreed to furnish to one Higginbotham for Miller's firm "certain plant mix," for which Miller's firm would stand good. It was established by the agreement that the delivery of the "plant mix" would take place by Higginbotham's picking it up in his truck at Hall's plant. The evidence is clear to the effect that Hall would not sell to Higginbotham himself "due to the past record

he had," but dealt with respondent firm. Higginbotham's driver was to sign the tickets as he picked up the "plant mix."

The trial court heard the witnesses testify, saw their expressions, observed their demeanor, and having reached its decision we are not disposed to overturn it now. It (not we) is the judge of the facts.

Therefore, the decree of the Madison County Circuit Court is reversed and remanded insofar as it finds and fixes a lien on subject property and orders a sale thereof to pay the judgment; and is affirmed insofar as it finds and fixes a money judgment of $1,348.20 against respondent, and in all other respects.

Affirmed in part, reversed in part, and remanded.

LAWSON, SIMPSON and COLEMAN, JJ., concur.