INGRAM, Presiding Judge.
On January 30, 1984, Timothy Jones was arrested and charged with assault in the first degree. On January 31, 1984, he was released on a $1,000 appearance bond. Included on the bond as sureties were Johnnie Jones and Eddie Taylor, the appellee in this appeal.
On March 24, 1984, Timothy Jones failed to appear in court. On that date, the trial court entered and signed a rubber-stamped order on the docket sheet, which read: “Forfeiture taken against defendant and bail. Capias ordered for defendant.” Following that order, the clerk issued the “Notice of Failure to Appear and Conditional Bond Forfeiture,” or scire facias, to Timothy Jones and the two sureties. The notice informed the parties that Timothy Jones had failed to appear in court, that a conditional forfeiture of the bond had been entered, and that the judgment would be made final against them unless they appeared and showed cause to the court why it should not be made final. Service was attempted on Taylor, the appellee, and returned “Not Found” on three separate occasions.
The forfeiture was made final on December 19, 1984. Seventeen months later, Taylor paid the total amount of the judgment into court and requested that the judgment be marked as satisfied. On that same date, Taylor filed a motion asking the court to set aside the forfeiture.
After a hearing, the trial court set aside the forfeiture on the grounds that it was a void judgment in that “no conditional judgment [was] ever entered.” The trial court denied the State’s “Motion to Vacate or Reconsider Order.” The State appeals.
Ala.Code 1975, § 15-13-81(a), requires that “[w]hen an undertaking of bail is forfeited by the failure of the defendant to appear as required, ... a conditional judgment must be entered by the court in favor of the state against the parties to the undertaking for the sum thereon expressed.” Section 15 — 13—81(b) further provides that the defendant and his sureties are to be accorded notice and an opportunity to show cause before the forfeiture is to be made final. A literal, verbatim compliance with the statute is not required. Carpenter v. City of Birmingham, 23 Ala.App. 354, 128 So. 901 (1929). There is a sufficient compliance with this section if the principal knows where and in what court he is to appear. Bailey v. State, 42 Ala.App. 157, 156 So.2d 381 (1963).
The sole question presented is whether the trial court’s initial order of forfeiture of March 24, 1984, was in substantial compliance with the requirements of the forfeiture statute such that the final order of forfeiture was enforceable.
The trial court found that a “conditional forfeiture” had been entered on March 24, 1984, but that a “conditional judgment” had not. It concluded that the final forfeiture order was void because the rubber-stamped entry which read “Forfeiture taken against defendant and bail” and “Capias *374 ordered for defendant” was not in substantial compliance with the forfeiture statute.
Rule 58(a), Alabama Rules of Civil Procedure, provides that “[a] judge may render his order or judgment (1) by notation thereof upon his bench notes without any other or further written document.” Rule 58(b), A.R.Civ.P., further provides that:
“A judgment ... need not be phrased in formal language nor bear particular words of adjudication. The judgment ... will be sufficient if it is signed or initialed by the' judge ... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.”
There was testimony here that the trial court’s abbreviated order of March 24, 1984, set into motion the requirements of the forfeiture statute. Once the order was entered, the circuit clerk issued the “Notice of Failure to Appear and Conditional Forfeiture" to the sureties, which indicated that the forfeiture was conditional.
As noted previously, the purpose of the forfeiture statute is to provide notice to the surety that the defendant is in default and that a conditional forfeiture or judgment has been entered which will be made final unless the surety appears and shows cause why it should not be made final. We find that the intent and purpose of the forfeiture statute have been substantially complied with in this instance. The legal nicety which the trial court attaches to the language of the forfeiture statute places a more precise requirement on the operation of that statute than is required. Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.