YATES, Presiding Judge.[1]
The issue on appeal is whether service of process in this case satisfied the notice requirements of § 15-13-134, Ala.Code 1975, a part of the Alabama Bail Reform Act of 1993.
Section 15-13-131 provides that if a defendant fails to appear in court as required, the court shall issue a conditional forfeiture against the defendant and the sureties and notify both the defendant and the sureties as set out in the Act. Section 15-13-132 provides that notice shall be served within 90 days of the conditional forfeiture order as provided for in the Act. Section 15-13-133 provides that it is the responsibility of the surety to notify the court clerk in writing of the proper address for service.
Section 15-13-134 provides:
“A conditional forfeiture notice may be served by any law enforcement officer, at the law enforcement office in the same manner as a summons in a civil action, except that service may not be by publication. At the law enforcement officer’s discretion and expense, the notice may be served by certified mail, requiring a signed receipt or some equivalent thereof. In the event the notice is served by certified mail, return of the receipt properly signed shall be prima facie evidence of service. The notice required by this subsection must be returned by the person serving it, with his proper return endorsed thereon, within twenty-eight days of the date of issuance or within five days of service, whichever period of time is shorter.”
*55 The City of Midfield forfeited bonds in 12 municipal court cases in which Bette Briner d/b/a OK Bonding Company had acted as bondsman or surety between 1997 and 1998. The City sued in an attempt to enforce the alleged forfeitures. Ms. Bri-ner claimed that the City failed to give her proper notice of the conditional forfeitures. The City presented evidence that notices of all conditional bond forfeitures and final bond forfeitures were personally given to George Briner, Ms. Briner’s late father, who for the past 19 years regularly had attended municipal court in the cases in which the company had issued a bond. When Mr. Briner did not attend court, notice was sent to him by United States mail. Mr. Briner died in July 1998. After his death, notice was sent to Ms. Briner by United States mail at her address at OK Bonding Company’s principal place of business, as listed on the certificate of professional bondsmen for OK Bonding Compar ny.
The record includes 12 forms, each entitled “Notice to Show Cause on Forfeiture of Bond.” That form includes a space for the officer to sign and certify that service was made to the party listed in the notice, pursuant to Rule 3.4, Ala.R.Crim.P.[2] It appears that the notices regarding the bond forfeitures of defendants Mario Holy-field, Frederick Robertson, and George Brown were addressed to Ms. Briner, but the signature lines noting the officer’s return on those notices are not signed, although they are dated. The bond-forfeiture notices regarding Michael Tolbert, Corey Blackwood, and Timothy Moore are addressed to Ms. Briner, and the signature lines do not contain a signature, but instead are dated and read “U.S. Mail.” The remaining six bond notices involving defendants Kimberly Dobyne, Wendell Carter, Connie Robbins, Randy Issac, Leon Gilmore, and William Tarter are addressed to Ms. Briner, but the statement of the officer’s return are not signed or dated. A receipt for service via certified mail appears in paperwork on a bond issued on behalf of Leon Gilmore. The return receipt contains Ms. Briner’s signature, which indicates that she received the notice of the forfeiture of his bond. However, that was notice of the final bond forfeiture — not notice of the hearing to show cause why the bond should not be forfeited. Ms. Briner did not appear in municipal court to dispute any of the 12 forfeitures.
Ms. Briner and the City both moved for a summary judgement. The trial court entered a summary judgment in favor of the City and denied Ms. Briner’s motion. Ms. Briner moved to alter, amend, or vacate the summary judgment, which the trial court denied. Ms. Briner appeals.[3]
As our supreme court has stated, the standard of review applicable to a summary judgment is well established:
“The principles of law applicable to a motion for summary judgment are well *56 settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d), Ala.Code 1975. Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999).
This court in State v. Taylor, 567 So.2d 372 (Ala.Civ.App.1990), held that a “literal, verbatim compliance” with the then bail act was not required. However, the issue in that case was whether the trial court’s “rubber-stamped order on the docket sheet, which read: ‘Forfeiture taken against defendant and bail’ and ‘Capias ordered for defendant,’ ” was a final forfeiture judgment under Rule 58, Ala. R. Civ. P. Id. at 373. The trial court had determined that the judgment was not in strict compliance with the forfeiture statute, because the order did not contain the word “conditional.” We reversed, because once the order was issued, the circuit clerk issued the “Notice of Failure to Appear and Conditional Forfeiture” to the sureties, which indicated that the forfeiture was conditional and, therefore, substantially complied with the statute.
In Carpenter v. City of Birmingham, 23 Ala.App. 354, 128 So. 901 (1929), the issue was the meaning of the phrase “the. next session of court.” The court’s conditional forfeiture order to the sureties stated that forfeiture would be made final “unless they appear in this Court on the 15th day of December, 1928, during the session of this Court....” Id. at 354, 128 So. 901. The sureties argued that “session” meant the next “term” of court and, therefore, it was unclear when they were to appear because “term” referred to the two terms of court per year. This court held that the order substantially complied with the statute, because the day they were to appear was clear.
In the present case, we cannot say there has been substantial compliance with the notice requirements of § 15 — 13— 134. Procedural due process requires “notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Section 15-13-134 provides that service should be made by personal service or by certified mail. The unsigned notices indicating that the notices had not been personally served and the notices sent through general delivery of the United States postal service do not meet those requirements. Cf. Selco, S.R.L. v. Webb, 727 So.2d 796 (Ala.1998)(serviee of process held void where service was attempted on corpora *57 tion of foreign country that was member of Hague Convention and service was not perfected according to the terms of the Hague Convention). Because service of process was not perfected on Ms. Briner, the summary judgment in favor of the City is void. Ex parte Pate, 673 So.2d 427 (Ala.1995)(when service is not proper, a judgment based on that service is void and must be set aside).
Section 15-13-136 provides:
“In forfeiture cases where the clerk of the court has failed to issue the conditional forfeiture notice as stipulated in Section 15-13-132 and where there has been no service as set out in Section 15-13-134 made within 90 days of the order of the court as set out in Section 15-13-131, and where the sureties have complied with Section 15-13-133, then the sureties shall be discharged from all liability of the bail and the conditional judgment shall be set aside against such sureties.”
Accordingly, OK Bonding Company’s liability is dischargeable, and the summary judgment is due to be set aside. Therefore, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
PITTMAN, J., dissents.

. This case was originally assigned to another judge on the Court of Civil Appeals. It was reassigned to Presiding Judge Yates on December 11, 2001.

. Rule 3.4, Ala.R.Crim.P., provides:
"The summons may be served by any law enforcement officer in the same manner as a summons in a civil action, except that service may not be by publication. At the law enforcement officer's discretion and expense, a summons may be served by certified mail, requiring a signed receipt or some equivalent thereof. In the event the summons is served by certified mail, return of the receipt signed by the defendant shall be prima facie evidence of service. The law enforcement officer serving the summons shall make return of the summons in the same manner as provided in Rule 3.3(c) for making return of an arrest warrant.”

. This court reinvested the trial court with jurisdiction because the trial court's original summary judgment failed to set out the exact amount of the bond forfeitures ($6,200). Subsequently, the trial court entered a final judgment from which Ms. Briner appeals.