PITTMAN, Judge,
dissenting.
I respectfully dissent. Because I believe that the City substantially complied with the statute, I would affirm the trial court’s order of a summary judgment for the City. Section 15-13-134, Ala.Code 1975, states that a “conditional forfeiture notice may be served by any law enforcement officer ... the notice may be served by certified mail, requiring a signed receipt or some equivalent thereof.” (Emphasis added.) In State v. Taylor, 567 So.2d 372 (Ala.Civ.App.1990), this court stated that a “literal, verbatim compliance with the statute is not required.” Taylor, 567 So.2d at 374.
The record contains some notices that were sent by U.S. Mail, while others reflect no signature or date. At least one receipt for service via certified mail has Briner’s signature under the signature line, indicating that she did receive service. Furthermore, there is no evidence in the record to suggest that Briner notified or even attempted to notify the clerk of the court in writing to change service to another address. See § 15-13-133, Ala.Code 1975.
Given the evidence found in the record, the Alabama caselaw holding that substantial compliance is sufficient, and the Alabama statutory authority stating the conditional nature of the requirement to follow statutory forms, I would conclude that the City substantially complied with the notice requirement. Therefore, I respectfully dissent.