# Keipp *et al.* v. The State.

## *Proceeding on Forfeited Recognizance.*

1. *Undertaking of bail; description of offence.* — Where the indictment charges the defendant, in proper form, with setting up or carrying on a lottery not authorized by law, and also with selling tickets in such unauthorized lottery (Rev. Code, § 3616), an undertaking of bail, conditioned for the appearance of the defendant "to answer an indictment pending against him for selling lottery tickets," contains a substantial description of the offence.

2. *Same; proceedings on forfeiture.* — When an undertaking of bail is forfeited by the failure of the defendant to appear and answer the indictment pending against him, and a judgment *nisi* is thereupon rendered against the obligors, on which a notice (or *sci. fa.*) is issued, and served on the sureties only, the State may proceed to final judgment against the sureties, without waiting for two returns of "not found" against the defendant.

APPEAL from the Criminal Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

REID & MAY and MORGAN, BRAGG & THORINGTON, for the appellants.

BEN. GARDNER, Attorney General, for the State, *contra.*

PETERS, C. J. — At the December Term of the Criminal Court of Dallas County, 1871, one A. J. Bransford was indicted for setting up and carrying on a lottery, or device of like kind, without the legislative authority of the State; and also upon the charge that he had " sold, or was interested or concerned in selling, tickets or shares in a lottery, or device of like kind," which was without legislative authority of the State. Rev. Code, § 3616. A *capias* was issued on this indictment, and the accused (said Bransford) was arrested; and in open court he, with his securities, entered into the following recognizance of bail to appear and answer the said indictment:

" The State       Indictment for selling lottery tickets. In
  *v.*        open court came A. J. Bransford, John B.
A. J. Bransford Stone, George E. Keipp, and Thomas M. Williams, and agreed to pay the State of Alabama two hundred dollars if the said A. J. Bransford fails to appear at the present term of this court, and from term to term thereafter until discharged by law, to answer an indictment pending against him for *selling lottery tickets*."

Bransford failed to appear and answer said indictment, as required by law, and thereupon a conditional judgment was rendered by the court, in favor of the State, for the use of Dallas County, against the parties to said recognizance, for the sum therein expressed. Rev. Code, § 4254. The words of this entry of judgment are as near as may be in the precise language of the form prescribed by section 4254 of the Revised Code. Notice of this judgment *nisi* was properly issued, and served on said Stone, Keipp, and Williams. They failed to appear, and the conditional judgment was made absolute against them, without dismissing the proceeding as to Bransford. From this judgment Stone, Keipp, and Williams appeal to this court, and here they assign said judgment as error.

1. It is objected that the recognizance, requiring Bransford to answer " for selling ' lottery tickets,' .did not import a criminal charge." To sell, or to be interested or concerned in selling, " lottery tickets " in certain unauthorized lotteries, is an offence subject to indictment. Rev. Code, § 3616. This sufficiently appears from the bail-piece in this case. The obligation is, to answer the indictment for selling lottery tickets; and this indictment sets out the offence in proper form. The defendant failed to appear and answer this indictment. This failure was a forfeiture of the obligation of bail. The statute declares, that " the undertaking is forfeited by a failure of the defendant to appear, although the offence, judgment, or other matter is incorrectly described in such undertaking; the particular case or matter, to which the undertaking is applicable, being made to appear to the court." Rev. Code, § 2445. In

[Mayor, etc., of Mobile *v.* Squires.]

construing this statute, this court has decided, that the fact, that the undertaking shows the indictment is not for an offence punishable by law, is no defence. *State* v. *Eldred*, 31 Ala. 393. If the bail-piece stipulates that the person indicted will appear at a particular term of the court, to answer an indictment pending against him, and the particular case to which it is applicable is shown to the court, the judgment thereon may be rendered. *Vasser* v. *The State*, 32 Ala. 583. This objection, then, cannot be sustained.

2. The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant to answer the indictment or prosecution mentioned therein. Rev. Code, § 4244. In a proceeding on a forfeiture there is no discontinuance, if the court chooses to make the judgment final against those parties served with notice of the judgment *nisi*, without waiting to bring in the defendant not served upon the return of two *nihils*. This is analogous to like proceedings against defendants jointly and severally bound in other civil suits. Rev. Code, § 2545. With the help of the ingenious brief of the learned counsel for the appellants, I am not able to discover any serious error in the record. The mere dropping the name of Bransford did not discharge the other parties.

The judgment of the court below is therefore affirmed.