# Kilgrow *v.* The State.

*Scire Facias against Bail, on Forfeited Recognizance.*

1. *Proceedings against bail on forfeited recognizance.*—The several statutory provisions prescribing the proceedings for the forfeiture of undertakings of bail in criminal cases (Code, §§ 4863–68), construed in connection with the provision which declares that the undertaking " binds the parties thereto jointly and severally (*Ib.* § 4852), authorize the taking of forfeitures against the sureties, or one or more of them, with or without their principal.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JNO. P. HUBBARD.

The record in this case sets out, 1st, a bond executed by Henry Morrison as principal, and B. F. Kilgrow and M. S. Barganier as his sureties, conditioned for the appearance of said Morrison at the next term of the Circuit Court of Butler, " and from term to term thereafter until discharged by law, to answer

indictment preferred against him in said court for burglary;" which bond is in the penalty of $400, and was approved by the sheriff on the 26th April, 1879. The record next sets out a judgment rendered in said court during its November term, 1880, which recites the execution of this bond, and the default of said Morrison to appear, and then proceeds, "It is therefore considered by the court, that the State of Alabama, for the use of Butler county, recover of the said B. F. Kilgrow and M. S. Barganier, on such undertaking, the sum of $400, unless they appear at the next term of the court, and show cause why this judgment should not be made absolute." On this judgment a *scire facias* was issued, which is in regular form, and which was returned duly executed on said Kilgrow and Barganier. At the ensuing May term, 1881, as the minute-entry recites, an " *alias scire facias* as to the defendant" was ordered, and the cause was " continued by the bail." After several continuances " by the defendants," the following judgment was rendered at the November term, 1883, the cause being entitled " *The State v. Henry Morrison, B. F. Kilgrow*, M. S. Barganier :" " Comes the solicitor for the State, and it appearing to the satisfaction of the court that, at the Fall term of this court, 1880, a conditional judgment of $400 was entered against the defendants in this case, as defaulting defendant and bail ; and it further appearing that notice of said conditional judgment has been duly served upon B. F. Kilgrow and M. S. Barganier, two of the defendants in this case ; now, on this day, it is ordered by the court, that the forfeiture in this case be made final in the sum of $250 ; it is therefore considered by the court, that the State of Alabama, for the use of Butler county, recover of B. F. Kilgrow and M. S. Barganier the sum of $250, the amount of the undertaking made final by the court in this case, together with the costs," &c. The appeal is sued out by said Kilgrow and Barganier jointly, and they here assign the judgment *nisi* and the final judgment as error.

GAMBLE & RICHARDSON, for the appellants.—The record shows that, after the principal defendant's failure to appear, the State abandoned all proceedings against him, and pursued his sureties only. There was no forfeiture against him, no conditional judgment against him, and no notice to him of the proceeding against his sureties. The remedy against bail is a civil proceeding, and the statutory forms must be followed.—Code, §§ 4863–68 ; *Dover v. The State*, 45 Ala. 252 ; *Hatch v. The State*, 40 Ala., 720 ; *State v. Lloyd*, Minor, 34 ; *Hammons v. State*, 59 Ala. 170. On the facts shown by the record, the criminal prosecution against Morrison has been discontinued. *Drinkard v. The State*, 20 Ala. 9 ; *Hinson v. The State*, 4 Ala.

671 ; *Oliver v. Hutto*, 5 Ala. 211 ; *Hall v. The State*, 47 Ala. 660. The principal being discharged, the sureties can not be held liable.—2 Stew. 63 ; 3 Stew. 14 ; 9 Ala. 42 ; 34 Ala. 673 ; 9 Wall. 21.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—Sections 4863–4868 of the present Code prescribe the form of procedure for the enforcement of forfeitures of undertakings of bail in criminal cases. A conditional judgment is authorized to be taken, under certain circumstances, "against the parties to the undertaking," the form of which is given ; and this may be made final by notice of its rendition to each of the defendants, or two returns of "not found" by the sheriff, which are made equivalent to personal service.—Code, 1876, §§ 4866–67. If these sections stood alone, we would be disposed to construe them to authorize only joint proceedings against all of the obligors to the undertaking of bail. Being purely statutory in their origin, and summary in their character, they would be subject to a strict construction.

We are of opinion, however, that the effect of section 4852 of the Code, which is a part of the same subject-matter, and in juxta-position as a part of the same context, materially modifies this construction. This section provides that "the undertaking of bail binds the parties thereto jointly and *severally*" for the appearance of the defendant, which is the essence of every such undertaking under our statute. The purpose and effect of this declaration, we think, is to authorize the taking of forfeitures against any one or more of the obligors, including or excluding the principal.—*Keipp v. The State*, 49 Ala. 337. It was not error, therefore, to allow judgment to be taken against the sureties, without including the defendant himself, for whose failure to answer the forfeiture was taken.

Judgment affirmed.