# The State *v.* Calhoun.

*Action on Forfeited Recognizance.*

1. *Recognizance of witness taken by justice of the peace; amount and surety.*—On the preliminary investigation of a criminal charge, a justice of the peace has authority to require a witness for the prosecution to enter into a recognizance in a greater sum than $100 for his appearance in court to testify; but he can not require the witness to give surety for his appearance, when he is a non-resident, or resides more than fifty miles from the place at which the examination is had (Code, §§ 4292-94); yet, the obligation being joint and several (§ 4427), the principal is bound by it, though no recovery could be had against the surety.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

The record in this case does not show how many of the defendants were served with process, nor how may appeared and pleaded; the judgment-entry only reciting that the cause was tried on issue joined, and that the jury returned a verdict for the defendants. The court charged the jury, on request, to find for the defendants if they belived the evidence; and this charge, to which the plaintiff excepted, is here assigned as error. The opinion states the material facts.

Wm. L. MARTIN, Attorney-General, for the State.

Wm. H. DENSON, *contra.*

[The State v. Calhoun.]

COLEMAN, J.—This is an action by summons and complaint, upon the following undertaking: "We, Patrick Calhoun," &c., "witnesses against J. D. Williamson and Jack King, charged with a public offense, do each agree to appear at the next Circuit Court of Cherokee county, to give evidence against J. D. Williamson and Jack King; and failing so to do, to pay the State of Alabama four hundred dollars. Dated this 30th Sept., 1887." This obligation was signed by the defendants, and approved by the justice of the peace who required the obligors to make bond for their appearance. The bond is framed in exact accordance with section 4293 of the Code.

The authority of the justice of the peace to require witnesses to enter into an obligation of the purport of the one sued upon is derived from, and finds justification alone in section 4294 of the Code, which is as follows: "Whenever the magistrate has good reason to believe that a witness for the prosecution will not appear to testify, he may order such witnesses to enter into an undertaking to appear and testify in a larger sum, and with sufficient sureties; but such surety must not be required from any witness who does not reside in this State, and within fifty miles of the place where the examination takes place."

The case was tried upon an agreed state of facts. These are, that the witnesses did not appear according to the bond, and that they were at the time, and have ever since remained, citizens of the State of Georgia. It thus appears that the justice of the peace, in requiring the witnesses to enter into an undertaking under the section we have quoted, exceeded his authority, and imposed upon them an obligation not authorized by law. If the justice of the peace had required of the witnesses to enter into bond for their appearance, as he might have done under section 4292 of the Code, in the sum of one hundred dollars, without surety, as he was therein authorized and required to do, the undertaking would have been valid, and upon breach of condition would have supported an action against them for that amount.

The words "in a larger sum," in section 4294, Code, *supra*, evidently refers to the sum of one hundred dollars, fixed by section 4292 of the Code; but when a larger sum is fixed, and surety is also required, the section itself limits the power of the justice to coerce suretyship to cases where the witnesses are residents of the State, and live and are residing "within fifty miles of the place where the examination takes place."

[Grider v. American Freehold Land Mortgage Co.]

Upon the agreed facts, the sureties were entitled to the general affirmative charge. Obligations of this character are joint and several.—Crim. Code, § 4427; *Kilgrow v. State*, 76 Ala. 101. The justice of the peace was authorized, under section 4294 of the Code, to demand a bond of the witness, in "a larger sum." The obligation was binding upon the principal, and as to him the State was entitled to recover.

Reversed and remanded.