## George T. Sullivan v. Chicago Board of Trade, et al.
### Gen. No. 11,025.

1.  CONTRACT—*when assignment of business terminates a.*   Where one engaged in the commission business has a contract with a telegraph company for the furnishing of Board of Trade quotations, which he cannot assign except with the consent of such company, the act of selling his business puts an end to such a contract.

2.  CLEAN HANDS—*essential to relief in equity.*   Where one has, contrary to the statute, tapped telegraph wires, he cannot come into a court

Sullivan v. Chicago Board of Trade.

of equity and obtain relief with respect to telegraph service previously furnished by means of such wires.

3.  AMENDMENT—*right to add new parties by.*  The right to add new parties to litigation where such addition is essential thereto, is undoubted.

Proceeding for injunction to restrain the removal of telegraph tickers, etc.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.  Heard in this court at the March term, 1903.  Affirmed.  Opinion filed December 21, 1903.

EDWARD H. MORRIS, for appellant.

HENRY S. ROBBINS, for appellees.

**Statement by the Court.**  The prices of grain, etc., are fixed and determined upon the Board of Trade throughout each business day.  An immediate knowledge of these prices is necessary to the safe conduct of the business of all who are engaged in the purchase and sale of such products in the city of Chicago.  The board sells this information through the Cleveland Telegraph Company upon written contracts containing many stipulations concerning the use to be made of such prices, the violation of any one of which gives the company the right, without notice, to cut off and to cease furnishing such quotations.  This information is supplied by running a wire or wires into the office of the applicant and by placing tickers therein, which print the prices as they are transmitted.  The wires and the tickers are the property of the company.

September 14, 1901, one E. F. Rowland, then engaged in the commission business in the city of Chicago, entered into one of these contracts.  Some time thereafter, when, the record does not show, appellant became associated in business with Rowland.  May 1, 1902, he purchased the interest of Rowland in such business and continued the same under the name of E. F. Rowland & Co.  December 3, 1902, the company cut the wires leading into appellant's office and ceased to furnish him with such prices.  The next day appellant filed a bill against the company to enjoin it from removing the tickers and from ceasing to supply him with

such quotations.   A temporary injunction was immediately secured upon the bill.   This suit is pending.

December 6, 1902, appellant, without the knowledge or consent of the company, reconnected his office with the wires of the company by cutting one of its wires, thereby again possessing himself of these quotations.   He then filed the present bill, which in all essential particulars is like the prior bill, and obtained an injunction thereon.   The chancellor upon motion dissolved this last injunction and dismissed this last bill for want of equity.   From this action of the court, appellant perfected this appeal.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant had no contract with the telegraph company which entitled him to receive from it continuous quotations of the Board of Trade prices.   The contract the company had with Rowland was a personal one, which he could not assign without its consent.   By the act of selling out his business Rowland put an end to that contract.   Having no contractual relations with appellant, the company had the right, at any time after his purchase of the interest of Rowland, to disconnect its wires and to cease to furnish to him such quotations.   That it did so gave appellant no just cause of complaint.

By sections 5 and 15, ch. 134, R. S., the unlawful cutting or tapping of, or connecting with, any telegraph or telephone wire is made a criminal offense, punishable by fine, or by imprisonment, or by both.   The record shows that appellant, after he filed his first bill and before he filed his second bill, without the consent of the company, and without lawful excuse, " caused the wires so cut (by the company) to be restored and reconnected with two tickers in his place of business in the same way they were before they were cut by said telegraph company; that said wires had been so reconnected and were giving complainant the quotations before he obtained the temporary injunction " in this last suit.   Appellant does not come into court with clean hands.   He cannot take advantage of his own wrong·

ful and illegal acts as the foundation for equitable jurisdiction and relief. Comstock v. Henneberry, 66 Ill. 212; Hardin v. Jones, 86 Ill. 313; Hamilton v. Hendrix, 4 Ky. (1 Bibb.) 70; Turnley v. Hanna, 76 Ala. 101.

If appellant has any remedy in equity it can be enforced in the prior suit. Should he consider the Board of Trade to be a necessary party to that litigation, his right to bring it in by an amendment is undoubted. He ought not to have two suits pending against the telegraph company for the same cause of action.

The decree of the Circuit Court is affirmed.

*Affirmed.*