60 So.2d 705

## EVANS et al. v. STATE.

### I Div. 636.

Court of Appeals of Alabama.

Oct. 7, 1952.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., and Wm. H. Sanders, Montgomery, of counsel, for the State.

Vincent F. Kilborn, Mobile, for appellants.

HARWOOD, Judge.

This is an appeal from a final judgment of forfeiture against C. V. Evans and Catherine I. Evans as sureties on a bail bond executed by Floyd Collins.

Floyd Collins, Frank Collins, and Frank Collins, Sr. were charged with larceny by an indictment returned by a Grand Jury of Baldwin County on November 5, 1947.

A capias was issued pursuant to such indictment for the arrest of Floyd Collins, and executed on November 8, 1947.

Thereafter an appearance bond was made by Floyd Collins, with the appellants as sureties. This bond was approved on November 14, 1947.

By the terms of this bond the parties agreed "to pay the State of Alabama, the sum of Seven Hundred and Fifty Dollars unless the said Floyd Collins appear at the December Term 1947 of the Circuit Court of Baldwin County, Alabama, and from term to term thereafter until discharged by law, to answer a criminal prosecution for the offense of Grand Larceny" etc.

On November 27, 1950 a nisi judgment of forfeiture was entered on this bond against Collins and the two appellants. This judgment is captioned:

"State of Alabama
v. Grand Larceny
Floyd Collins Nisi Forfeiture"
(White Male)

Among other things, it recites that "the defendant together with. C. V. Evans and Catherine I. Evans agreed to pay the State of Alabama Seven Hundred and Fifty Dollars unless the said defendant appeared *at this term of this court* to answer *in this case,* and the defendant having failed to answer in this case after being duly called in open court on this day, and the trial of this case having been regularly set for this day;" etc. (Italics ours).

On January 17, 1951 a sci. fa. was issued pursuant to the nisi judgment.

An endorsement shows that this sci. fa. was served on the appellants on January 20, 1951 by W. H. Holcombe, Sheriff of Mobile County.

Thereafter, on April 30, 1951, a final judgment of forfeiture was entered, in words as follows:

"Final Judgment on Forfeiture

"4-30-51 This day in open court came the State of Alabama by its Solicitor and this case having been regularly set for this day on hearing of the judgment nisi rendered in this case against defendant's bondsmen, C. V. Evans and Catherine I. Evans, and it appearing to the court that service of Notice of the Nisi Forfeiture in this case was had by the Sheriff on said bondsmen, C. V. Evans, and Catherine I. Evans, for more than thirty days before this day, and defendant's said bondsmen having failed to show to the satisfaction of the court good cause why said judgment nisi should not be made final:

"Therefore, upon motion of the State Solicitor it is ordered and adjudged by the Court that the Judgment Nisi in this case against defendant's bondsmen, C. V. Evans and Catherine I. Evans, be and the same is hereby made final for the sum of $750.00.

"It is, therefore, ordered and adjudged by the court that the State of Alabama for the use of Baldwin County have and recover of defendant's bondsmen, C. V. Evans and Catherine I. Evans, the sum of Seven Hundred and Fifty dollars, besides all costs of forfeiture in this case for the recovery of which let execution issue."

This appeal is on the record proper, and the sole question presented is the regularity of the proceedings below precedent to and including the final judgment entered.

 Counsel for appellant contend that since the nisi judgment and the sci. fa. each refer to an agreement "to pay the State of Alabama * * * unless the defendant appeared at *this term* of *this court* to answer in *this case,*" the nisi judgment and the sci. fa. are defective, since the bond provided that the defendant was to appear at the December 1947 term.

We see no merit in this contention. Both the nisi judgment and the sci. fa. carry the caption State of Alabama v. Floyd Collins: Grand Larceny. The bond provided that defendant was to appear at the December 1947 term, *and from term to term thereafter until discharged by law.*

The final judgment recites this cause "having been regularly set for this day on hearing on the judgment nisi rendered in this case," etc.

■ If, as argued by counsel for appellant, the charge against the defendant Collins may have been discontinued or otherwise disposed of, then such matter could properly have been shown at the hearing on the final judgment. In the absence of any such showing we must presume that the cause was regularly and properly before the court at the time of the hearing on the final judgment, it being so specifically stated in the judgment itself.

■ While the defendant Floyd Collins was indicted jointly with two other defendants, the bond was made solely in Floyd Collins' name.

We do not agree with appellant's counsel that the nisi judgment and the sci. fa. are defective in that they identify the case as State of Alabama v. Floyd Collins, instead of as State of Alabama v. Floyd Collins, et al.

Floyd Collins was properly indicted. He alone, so far as revealed in this record, made bond, and in this proceeding it is solely with the forfeiture of the Floyd Collins bond that we are concerned. As stated in Holcombe v. State, 99 Ala. 185, 12 So. 794, 795:

"Great particularity is not required in such proceedings, and the legislature has taken care to provide against technical defenses of this character to such undertakings. The essence of all undertaking of bail is the appearance of defendant at court, and the bail is forfeited by the failure of defendant to appear, although the offense, judgment, or other matter is incorrectly described therein, if the particular matter or case to which the undertaking is applicable is made to appear to the court."

Counsel contend there may have been other indictments against Floyd Collins, individually, as well as the joint indictment, and the appellants were not properly therefore informed by the description of the case contained in the nisi judgment and the sci. fa. This matter should have been raised at the hearing on the final judgment, if such defense existed.

■ Counsel further contend that since the nisi judgment was rendered against the defendant (Floyd Collins), and the appellants, and service of the sci. fa. was had only upon the appellants, the final judgment was for this reason improperly entered against the appellants.

Section 214, Title 15, Code of Alabama 1940, provides that notice of the rendition of a nisi judgment in forfeiture proceedings must be served upon each defendant, and Section 216, Title 15, Code of Alabama 1940, makes two returns of "not found" the equivalent of personal service. However, Section 207, of the same Code article provides that the undertaking of bail binds the parties thereto jointly and severally. The purpose of this declaration is to authorize the taking of forfeitures against any one or more of the obligors, including or excluding the principal defendant. Kilgrow v. State, 76 Ala. 101.

■ Further, in a proceeding on a forfeiture there is no discontinuance, if the court chooses to make the judgment final against those parties served with notice of the judgment nisi, without waiting to bring in the defendant not served upon the return of two nihils. Keipp v. State, 49 Ala. 337.

■ The sci. fa. issued in the proceedings below followed substantially the form set forth in the Code, Sec. 214, supra, and set forth the nisi judgment rendered. While it did not bear the greeting: "To any Sheriff of the State of Alabama," neither does the form provided in the code. To hold the notice insufficient because of the omission of any such greeting or address would be indeed captious.

Nor is the sci. fa. affected by the fact that it was served by the Sheriff of Mobile County. Section 216, Title 15, Code of Ala-

550

bama 1940, specifically provides that notice of sci. fa. may be executed by the Sheriff of any county in the State.

Affirmed.