SHORES, Justice.
These appeals arise from a judgment of forfeiture against the sureties of two bonds guaranteeing the court appearance of Ray Alan Chandler, a defendant in two criminal actions brought under the Alabama Uniform Controlled Substances Act. We affirm in part and reverse in part.
The facts are not in dispute:
On September 12, 1982, Chandler executed an appearance bond in the amount of $5,000, with Evelyn Chandler Broadhead and Betty L. Crumpton signing as sureties. On July 25, 1983, Chandler entered a plea of guilty, and a sentencing hearing was set for September 9, 1983. On that day, Chandler executed another bond in the amount of $50,000; Evelyn Chandler Broadhead, Betty L. Crumpton, and Shirley B. Chandler signed as sureties on this bond. Chandler was released under both bonds.
Chandler failed to appear in court as required under the bonds, and on September 9, 1983, conditional judgments for the amounts represented by the bonds were entered against the sureties. Writs of scire facias[1] were then issued to notify the sureties that the conditional judgments would be made final if they did not appear in court and show cause why the judgments should not be made absolute. Scire facias was successfully served on Evelyn Chandler Broadhead and Betty L. Crump-ton, but was returned “not found” as to Shirley B. Chandler, with the notation “moved to Texas.” No further attempt was made to serve Shirley B. Chandler.
Final judgment was entered on November 15, 1983, against Ray Alan Chandler,[2] Evelyn C. Broadhead, and Betty L. Crump-ton for $5,000, including costs, on the first bond. On the same date, a final judgment for $50,000, including costs, was entered against Ray Alan Chandler, Evelyn C. Broadhead, Betty L. Crumpton, and Shirley B. Chandler on the second bond.
After the final judgments were entered against the sureties, writs of scire facias were issued to Ray Alan Chandler notifying him that final judgments of $5,000 and $25,000 would be entered against him on January 6, 1984, unless he appeared and showed cause why the judgments should not be made absolute. The writs were returned “not found” on January 4, 1984, and January 30, 1984.
The sureties on the bonds filed a motion to alter, amend, or vacate the judgments on November 28, 1983, as amended on February 2, 1984. The motion was denied by the Circuit Court of Jefferson County on February 3, 1984, and these appeals followed.
We address two related issues on these appeals as presented by the appellants:
1. Was the entry of final judgment against the sureties on the appearance *1117 bond error, where no attempt was made to first serve the principal?
2. Did the circuit court err in entering final judgment against Shirley B. Chandler where the notice provisions contained in Ala.Code 1975, § 15-13-81, were not complied with?

Failure to Serve the Principal

The appellants rely on Ala.Code 1975, § 15-13-81, in support of their argument that notice must be given to the principal on the bond before final judgment may be taken against the sureties. Subsection (a) of that section provides that a conditional judgment must be taken “against the parties to the undertaking for the sum thereon expressed,” and subsection (b) requires that notice be issued to each defendant against whom a conditional judgment was entered. Appellants argue, therefore, that a literal reading of the statute requires that the principal must be made a defendant and receive notice according to this procedure. From this, appellants conclude that the judgments taken against them were improper.
Section 15-13-60, however, which describes the extent of the undertaking of the parties to the bond, provides for joint and several liability:
“The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant on the day fixed in the bond or undertaking from day to day of such session and from day to day of each session thereafter, until he is discharged by law and, if the trial is removed to another county, for the appearance of the defendant from day to day of each session of the court to which it is removed until discharged by law.”
This Court has held that “the purpose of this declaration [joint and several liability] is to authorize the taking of forfeitures against any one or more of the obligors, including or excluding the principal defendant.” . (Emphasis supplied.) Kilgrow v. State, 76 Ala. 101 (1884); Evans v. State, 36 Ala.App. 546, 60 So.2d 705 (1952). It follows, therefore, that notice must be given to each party against whom recovery is sought.
We hold that the failure to serve Ray Alan Chandler, the principal on the bonds, prior to entry of judgment against the sureties, does not affect the validity of the final judgments taken against the sureties.
The appellants concede that Evans v. State, supra, holds that a final judgment rendered against the sureties on a bail bond was valid although there was no service on the principal, but urge us to overrule that holding. We decline to do so, because the holding is consistent with § 15-13-60, Ala.Code 1975, which makes all parties to a bail bond jointly and severally liable.

Adequacy of Notice to Shirley B. Chandler

Ala.Code 1975, § 15-13-81, sets forth notice requirements that must be met before a conditional judgment taken under the statute may be made final. Subsection (d), which addresses the adequacy of notice, reads as follows:
“(d) If the notice required by subsection (b) of this section is not served on any of the parties to the undertaking, such other notices as are necessary may from time to time be issued; but two returns of ‘not found’ by the proper officer are equivalent to personal service.”
As the record reflects, an attempt to serve Shirley B. Chandler was made only once; hence, service was not perfected by a return of two “not founds,” as required by the statute.
The State argues, however, that another attempt to serve Shirley B. Chandler would have been a futile act, since “the only logical inference from the evidence” is that she is the wife of Ray Alan Chandler and has joined her fugitive husband. We find no evidence in the record to support the State’s contention in this respect; thus, we cannot conclude that there was substantial compliance with the statute.
*1118 We, therefore, reverse and remand with respect to Shirley B. Chandler, so that she may be given notice according to the statute.
With respect to Evelyn C. Broadhead and Betty L. Crumpton, we affirm.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.

. Although writs of scire facias have been abolished by Rule 81(c), A.R.Civ.P., service of the writs herein complied with the current notice requirements under the rule.

. Final judgment was entered against Ray Alan Chandler though a conditional judgment had not been previously entered against him. Chandler, however, is not a party to this appeal; therefore, we do not address this issue.