MONROE, Judge.
This is a bond forfeiture case.
ABC Bonding Company appeals from the trial court’s refusal to set aside its order of forfeiture against the bonding company, which was the surety for a criminal defendant who failed to appear for trial.
The record reveals the following pertinent facts. On November 9, 1992, ABC Bonding executed a $5,000 bond for James Edward Hatley, who had been arrested for third-degree escape. A Marshall County grand jury indicted Hatley as charged, and Hatley pleaded not guilty to the charge. Hatley’s trial was set for July 26,1993, but he did not appear. On August 11, 1993, the trial court issued a conditional forfeiture against Hatley and ABC Bonding, as Hatley’s surety, for $5,000.
The record shows that ABC Bonding was served on August 18,1993, and a bond forfeiture hearing was set for September 24,1993, but there is no indication that Hatley was served. The hearing was continued until December 10, 1993, at which time the trial court entered an order stating, “It is hereby adjudged that the State of Alabama shall have and recover of ABC Bonding Company the sum of $2,500 for which execution may issue.” On December 23, the trial court amended the order to add that “the execution may issue as provided by law.” The bonding company requested a stay of execution, which was denied February 4,1994.
Nine months later, on November 10, 1994, upon the motion of the state, the escape charge against Hatley was dismissed because his probation had been revoked, based in part on his escape charge, and he was serving 15 years in prison. On that same day, the trial court set the case for review “to determine payment of judgment by ABC; if not paid the court will enter an order directing the escrow bank to remit such sum.” ABC Bonding filed a motion to set aside the forfeiture because the case against Hatley had been dismissed. On January 13, 1995, after argument, the trial court overruled ABC Bonding’s motion to set aside the forfeiture. On January 27 the bonding company still had not paid the judgment, and the trial court ordered issue of escrow.
ABC Bonding contends that the trial court erred in overruling its motion to set aside the forfeiture after the state dismissed the escape charge against Hatley. As ABC Bonding argues, the surety is discharged of its obligation when the case against the criminal defendant is dismissed. § 15-13-114(3), Ala.Code 1975. However, we hold that the trial court correctly overruled ABC Bonding’s motion to dismiss the forfeiture because, a year earlier, the trial court had entered a final judgment of forfeiture against the bonding company.
ABC Bonding contends that no final judgment had been entered against it because the judgment was not also final against Hatley. In Broadhead v. State, 465 So.2d 1115 (Ala.1984), the sureties of two bonds guaranteeing the court appearance of a criminal defendant argued that notice must be given to the principal on the bond, i.e., the criminal defendant, before final judgment may be taken against the sureties if the criminal defendant fails to appear. The Alabama Supreme Court rejected the argument, holding that failure to serve the principal on the bonds prior to the entry of judgment against the sureties did not affect the validity of the final judgments taken against the sureties. Id. at 1117. The court based its holding on § 15-13-60, Ala.Code 1975, which provides:
“The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant on the day fixed in the bond or undertaking from day to day of such session and from day to day of each session thereafter, until he is discharged by law and, if the trial is removed *709 to another county, for the appearance of the defendant from day to day of each session of the court to which it is removed until discharged by law.”
The court reasoned that “ ‘the purpose of this declaration [joint and several liability] is to authorize the taking of forfeitures against any one or more of the obligors, including or excluding the principal defendant’” Id. (Emphasis in the original.) See also, Kilgrow v. State, 76 Ala. 101 (1884) (“It was not error to allow judgment to be taken against the sureties, without including the defendant himself, for whose failure to answer the forfeiture was taken.”); Evans v. State, 36 Ala.App. 646, 60 So.2d 705 (1952) (A final judgment rendered against a surety is valid although there was no service on the principal.).
The record in this ease shows that conditional judgments were taken against both Hatley and ABC Bonding. However, the record shows that, just as in Broadhead, only the surety was served with notice. After forfeiture proceedings were held, the trial court entered a valid final judgment of forfeiture against ABC Bonding on December 10, 1993. The trial court amended that judgment December 23, 1993. The trial court was within its authority to take the forfeiture only from the surety, ABC Bonding. ABC Bonding asked for a stay of execution, which tolled the appeal time until February 4,1994, when the motion was denied. Rule 4, Ala. RApp.P. ABC Bonding then had until March 18,1994, to file notice of appeal.
ABC Bonding did not appeal from the final judgment rendered against it. The bonding company’s motion to set aside the forfeiture filed on December 14, 1994, eight months after the final judgment was entered, was an untimely post-judgment motion, which the trial court properly overruled.
The State asks this court to remand this cause to the circuit judge to amend his order of payment by ABC Bonding, contending that the bonding company should be required to pay $5,000, the total amount of the bond, rather than $2,500, as ordered by the trial court. There is no evidence in the record that the State contested the amount of the forfeiture before the trial court. This court will not review any issue that was not presented to the trial court. Byrd v. Tate, 531 So.2d 1227 (Ala.Civ.App.1988).
The trial court’s order is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result.
CRAWLEY, J., dissents.