YATES, Presiding Judge.
Elite Bail Bonding Company, Inc. (“Elite”), appeals from the trial court’s refusal to set aside a $30,000 forfeiture judgment against the bonding company.
On March 20, 2001, the Jefferson Circuit Court entered a judgment in Elite’s de novo appeal from the district court’s judgment in its bond-forfeiture case. The circuit court’s order states, in pertinent part:
“On July 6, 1999, [Elite] signed a consolidated appearance bond for [the defendant]. [The defendant] was charged with fraudulent use of a credit card in the District Court of Jefferson County.... Elite listed its address on the bond as Post Office Box 134, Gunters-ville, Alabama 35976.
“The following is a synopsis of the actions taken in the criminal case, DC 1999-7505:
“7-27-99 [The defendant] was to appear in court. [The defendant] failed to appear.
“7-28-99 Notice of the conditional forfeiture was issued and returned ‘Not Jefferson County.’ Notice was to be served on Elite at P.O. Box 134, Gun-tersville, AL 35976. This was the address Elite placed on the bond.
“8-05-99 Notice of conditional forfeiture was reissued and the notice returned ‘Do Not Serve Post Office Box.’ Notice was to be served on Elite at P.O. Box 134, Guntersville, AL 35976. This was the address Elite placed on the bond.
“9-07-99 There was a forfeiture hearing set but was rescheduled for October 19,1999.
“10-19-99 A conditional judgment was issued.
“10-20-99 An execution was issued. “12-07-99 The forfeiture was set aside and the execution was recalled.
“1-13-00 A conditional judgment was issued and execution was issued. “2-10-00 The execution was set aside. A notice of conditional forfeiture was issued.
“2-16-00 The notice of conditional forfeiture was served on Elite.
“3-16-00 There was a hearing on the forfeiture.
[[Image here]]
*825 “8-28-00 A conditional judgment was issued.
“9-26-00 The conditional judgment was made final and execution was issued.
“Elite is now before the court attempting to set aside the final judgment of $30,000 based on [its] having executed the bond as surety. Elite argues that the notice of conditional forfeiture against it as required by § 15-13-134, Ala.Code 1975, was not complied with and it should be discharged from all liability of the bail and the conditional judgment should be set aside under the provisions of § 15-13-136, Ala.Code 1975.
“It is the responsibility of a surety on a bail bond to notify the Clerk, in writing, of the address for service of notices. The address provided by the surety on the bond form executed by the defendant and surety is considered written notice to the Clerk where notice should be given. § 15-13-133, AIa.Code 1975.
“[Elite’s] Exhibit # 1 contains a copy of the consolidated appearance bond for [the defendant]. [Elite] placed its stamp on the bond as surety and the address is Post Office Box 134, Gunters-ville, Alabama 35976. The notice that was sent on July 28, 1999, was sent to the same address that was placed on the bond by Elite. The notice was returned ‘Not Found’ on [July 29, 1999], The notice was reissued on August 5, 1999, to the same post office box address given by Elite. The notice was returned, ‘Do Not Serve Post Office Box.’ On September 7, 1999, notice of a bond forfeiture docket was sent to Elite at its post office box, Guntersville, Alabama. A second notice of conditional forfeiture was issued on February 10th and served on Elite at the post office box address in
Guntersville, Alabama on February 16, 2000.
“The court finds from the evidence that the notices were served within the times required by law at the address that was provided by Elite to the Clerk.
“Therefore, it is ordered that a judgment be entered against [the defendant], [Elite], and ... for $30,000 plus the cost of court.”
On May 3,' 2001, the trial court denied Elite’s postjudgment motion.
Elite appeals, arguing that the trial court erred in that it misapplied the law in entering a judgment of $30,000 in favor of the State. Specifically, Elite argues that a notice of conditional forfeiture must be received by the bonding company within 90 days of its issuance; otherwise, it says, the liability under the bond is dischargea-ble. Elite further asserts that because the company did not receive notice within the 90-day period, the $30,000 judgment against the company is due to be reversed.
The dispositive issues before this court are whether the court clerk complied with the notice requirements in its service of process to Elite and whether Elite provided a sufficient address for service. The relevant statutes governing bail-forfeiture proceedings are contained in Article 6 of the Alabama Bail Reform Act of 1993, §§ 15-13-131 through-136, Ala.Code 1975.
Section 15-13-131 states:
“(a) When a defendant fails to appear in court as required by the undertaking of bail and no sufficient excuse has been provided to the court prior to the hearing, the court shall order a conditional forfeiture and show cause order against . the defendant and the sureties of the bail. The court shall notify defendant and sureties of the order as set out in this article. The , defendant or sureties, or both, shall file a written response *826 with the clerk of the court within 28 days of the date of service of the notice why the bond should not be forfeited. If a written response is filed within the time allowed and the court is of the opinion the written response is sufficient, the court shall set aside the conditional forfeiture.... ”
(Emphasis added.) Section 15-13-132 states:

“A notice of the rendition of the judgment set forth in Section 15-13-131 shall be issued by the clerk of the court and served according to the terms as established in this article within 90 days of the court’s conditional forfeiture order to the defendant and sureties.

(Emphasis added.) Section 15-13-133 states:
“It shall be the sole responsibility of any defendant or surety on bail to notify in writing the clerk of any court to which bail is returnable of the proper address for any service or notices and if the address is changed, then a new written notice is required by the defendant or sureties. Any address provided on the bond form executed by the defendant or sureties shall be the mñtten notice to the clerk.”
(Emphasis added.) Section 15-13-134 states:
“A conditional forfeiture notice may be served by any law enforcement officer, at the law enforcement office in the same manner as a summons in a civil action, except that service may not be by publication. At the law enforcement officer’s discretion and expense, the notice may be served by certified mail, requiring a signed receipt or some equivalent thereof. In the event the notice is served by certified mail, return of the receipt properly signed shall be prima facie evidence of service. The notice required by this subsection must be returned by the person serving it, with his proper return endorsed thereon, within twenty-eight days of the date of issuance or within five days of service, whichever period of time is shorter.”
(Emphasis added.) Section 15-13-135 states:
“If the notice is not served on any of the parties to the undertaking, such other notices as are necessary, may, from time to time be issued, but two returns of ‘not found’ by the proper officer are equivalent to personal service, unless one of the parties shows evidence that such ‘not found’ service was not diligently executed by the officer or the officer did not attempt to serve the proper party as prescribed by law. ...”
(Emphasis added.) Section 15-13-136 states:

“In forfeiture cases where the clerk of the court has failed to issue the conditional forfeiture notice as stipulated in Section 15-13-132 and where there has been no service as set out in Section 15-13-131 made within 90 days of the order of the court as set out in Section 15-18-131, and where the sureties have complied with Section 15-18-133, then the sureties shall be discharged from all liability of the bail and the conditional judgment shall be set aside against such sureties.”

(Emphasis added.)
In ABC Bonding Co. v. State, 671 So.2d 707 (Ala.Civ.App.1995), this court affirmed the trial court’s denial of a motion to set aside a bond forfeiture where the bonding company was served with proper notice regarding the forfeiture proceedings. In State v. Blake, 642 So.2d 959 (Ala.1994), our supreme court stated:
“[I]f a defendant released on a surety’s bond fails to appear as directed, the *827 forfeiture procedure is more involved. First, the court must order a conditional forfeiture and a show cause order against the defendant and the surety or sureties. The defendant and the surety or sureties must receive notice of the conditional forfeiture order within 90 days or else the surety’s liability is discharged. If such notice is timely received by the surety and the surety files an adequate and timely written response explaining why the bond should not be forfeited, the court is to set aside the conditional forfeiture. Otherwise, a hearing is set to determine if the bond should be forfeited, and if no response is filed the court is to enter a final forfeiture order....”
Id. at 963 (emphasis added).
The record indicates that the court clerk sent two notices entitled “Notice of Order of Conditional Bond Forfeiture” dated July 29, 1999, and August 5, 1999, to Jefferson County for service. The notice dated July 29, 1999, was returned by the Jefferson County sheriff, marked “This writ returned ‘Not Found’ in Jefferson County.” The notice was also checked by paragraph 16, which read: “16. Other: ‘Not Jefferson County’ Mike Hale, Sheriff of Jefferson County.” The notice dated August 5, 1999, was also returned by the Jefferson County sheriffs office and paragraph 16 was checked; it read: “16. Other: ‘Do not serve P.O. Box’ Mike Hale, Sheriff of Jefferson County.” Sandra Turner, the former court clerk for the district court, testified that the first notice had been incorrectly sent to Jefferson County instead of Marshall County. She stated that she thought the second notice had been sent to Marshall County; however, the notation by the Jefferson County sheriffs office indicates that the second notice was also sent to the wrong county. Turner further admitted that there had been no service of the notice within 90 days as required by the statute. She stated that Elite had been served actual notice on February 16, 2001, by the Marshall County sheriffs office at P.O. Box 134, Gunters-ville, Alabama.
James Jolly, Jr., the owner of Elite, testified that his mailing address was P.O. Box 134, Guntersville; that the physical address for the company was 617 Blount Avenue, Guntersville; that he had been in business for over 12 years; and that he had not had a change of address. He stated that he was notified of the bond forfeiture and the $30,000 judgment through a letter dated November 16, 1999, from a collection attorney for the State. He said that the judgment was due to be set aside because the court clerk had not complied with the statute and that he had provided a correct address for notification. We agree.
The “Consolidated Appearance Bond” issued by Elite on July 6, 1999, listed its mailing address as P.O. Box 134, Gunters-ville. The notice by the district court clerk, dated February 10, 2000, and served on Elite in Marshall County on February 16, 2000, contained the same mailing address as the two previous notices that were incorrectly sent to the sheriffs office in Jefferson County and returned to the court clerk in July and August 1999. There is no evidence indicating that Elite failed to provide an adequate address as required by § 15-13-133, Ala.Code 1975. We note that on at least two occasions, the district court recalled and set aside the conditional judgments; it is unclear why the judgments were reissued. Nevertheless, our review of the evidence and the applicable statutes supports a finding that Elite was not notified within 90 days as required by statute. Therefore, Elite’s liability is dischargeable and the judgment is due to be set aside. § 15-13-136, Ala.Code. *828 1975. Accordingly, the judgment of the trial court is reversed and the case is remanded for the court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.