Rel: February 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0502

————————————————

**Bay Town Bonding, Inc.**

**v.**

**State of Alabama**

**Appeal from Mobile Circuit Court**
**(CC-24-639.51)**

MOORE, Presiding Judge.

Bay Town Bonding, Inc., appeals from a final bond-forfeiture judgment entered against it by the Mobile Circuit Court ("the circuit court"). For the reasons set out below, we reverse the judgment and remand the case.

<u>Procedural History</u>

On June 20, 2024, the circuit court issued an order in case number CC-24-639.51 requiring Bay Town Bonding to attend a bond-forfeiture hearing.[1] On that same date, the clerk of the circuit court sent an e-mail to Bay Town Bonding referring to a June 18, 2024, circuit-court order relating to Robert Green that had been entered in case number CC-24-639; however, that order does not appear in the record. On October 24, 2024, Bay Town Bonding failed to appear at the bond-forfeiture hearing; as a result, the circuit court entered a final bond-forfeiture judgment in the amount of $4,000, plus court costs and fees. On November 8, 2024, the clerk of the circuit court issued a cost bill to Bay Town Bonding for $4,109.

On November 11, 2024, Bay Town Bonding filed a motion to set aside the final bond-forfeiture judgment and to discharge its liability. In the motion, Bay Town Bonding asserted that it had provided a bail bond for Robert Green, a criminal defendant, who, on June 18, 2024, had failed to appear for his arraignment. Bay Town Bonding further alleged that, on June 20, 2024, the circuit court had entered a conditional bond-

---

[1]Bond-forfeiture proceedings are civil in nature. <u>See</u> Ala. Code 1975, § 12-17-225.6.

forfeiture order and had directed that the conditional bond-forfeiture order be mailed "to the surety." Bay Town Bonding further alleged that it

> "was not served with the Notice of Order of Conditional Bond Forfeiture within 90 days of the court's order dated June 20, 2024, and when the defendant failed to appear. Bay Town Bonding has always complied with its obligation to maintain a good address with the clerk's office for service as required by Ala. Code [1975,] §15-13-133."

Bay Town Bonding then made the following request for relief:

> "Given that Bay Town Bonding was never served with the conditional forfeiture notice within 90 days of the court's order on June 20, 2024, by certified mail or law enforcement, or otherwise as stipulated in Ala. Code [1975, §]§ 15-13-132 and 134[,] and set out in Ala. Code [1975,] § 15-13-131[,] and where Bay Town Bonding has maintained a correct address for service listed with the clerk's office as required in Ala. Code [1975,] § 15-13-133, then Bay Town Bonding shall be discharged from any and all liability of the bail and the forfeiture shall be set aside. See Ala. Code [1975,] § 15-13-136.
>
> "WHEREFORE, the premises considered, Bay Town Bonding ... respectfully requests this Honorable Court to set aside the forfeiture and discharge Bay Town Bonding ... from all liability on the defendant's bond. Bay Town Bonding, LLC[,] requests any other further and different relief deemed appropriate."

(Capitalization in original.)

On November 15, 2024, the circuit court entered an order granting, in part, Bay Town Bonding's motion. That order provides:

> "The [c]ourt's records show that a copy of the notice for conditional forfeiture was emailed [to] Bay Town Bonding on June 20, 2024[,] and also mailed.
>
> "Final forfeiture is set aside and conditional forfeiture is Ordered and final forfeiture is set February 20, 2025, 9:00 a.m. courtroom 6600.
>
> "Copy of this Order to be mailed to [Bay Town Bonding]. [Bay Town] Bonding['s] … attorney to be served electronically.
>
> "Writ of arrest remains outstanding."

(Emphasis added.)

Bay Town Bonding appeared in court on February 16, 2025,[2] and requested that it be relieved from liability on Green's bond, but the circuit court denied that request and, on February 25, 2025, entered a final bond-forfeiture judgment in the amount of $4,000, plus court costs and fees. On March 14, 2025, Bay Town Bonding filed a motion requesting that the circuit court reconsider its final bond-forfeiture judgment.[3] In

---

[2]We note that, in its November 15, 2024, order, the circuit court set the final bond-forfeiture hearing for February 20, 2025. Nothing in the record indicates why Bay Town Bonding appeared on February 16, 2025.

[3]Although the motion was styled as a motion to reconsider, the motion was in effect a postjudgment motion to alter, amend, or vacate filed pursuant to Rule 59(e), Ala. R. Civ. P. See Penrose v. Garcia, 386 So. 3d 458, 461 (Ala. 2023) ("Although '[t]he Alabama Rules of Civil Procedure make no reference to a "motion to reconsider,"' this Court has stated that it will treat 'a motion so styled as a Rule 59(e) motion to "alter,

4

that motion, Bay Town Bonding again asserted that it had not been properly and timely served with notice of the conditional bond-forfeiture order, and it again requested to be discharged from liability on the bond. On June 27, 2025, the circuit court entered an order denying the motion to reconsider.[4]

On June 30, 2025, Bay Town Bonding filed a motion, pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking to set aside the final bond-forfeiture judgment. In that motion, Bay Town Bonding asserted that Robert Green had been arrested and indicted on a "possess/receipt-controlled substance"; that "Green was on bond with Bay Town Bonding, Inc. in CC24-639"; that the bond was issued on May 15, 2023; that Green failed to appear for his arraignment; that a conditional bond-forfeiture order was entered in case number CC-24-639.50; and that the records from case number CC-24-639.50 and case number CC-24-639.51 showed that Bay Town Bonding was not provided notice of the conditional bond-forfeiture

---

amend, or vacate" a judgment, if it complies with the guidelines for such post-trial motions set out in Rule 59.'" (citations omitted)).

[4]The June 27, 2025, order was a nullity because the postjudgment motion had been denied by operation of law on June 12, 2025, the 90th day after its filing. See Rule 59.1, Ala. R. Civ. P.; Ex parte Miller, 335 So. 3d 1151, 1155 (Ala. 2021).

order by the clerk of the circuit court or the Mobile County Sheriff through certified mail or personal service. Bay Town Bonding argued that it had been denied due process and that the final bond-forfeiture judgment should be vacated on the basis that it is a void judgment.

Approximately six hours later, Bay Town Bonding filed its notice of appeal of the final bond-forfeiture judgment.[5] On July 10, 2025, the circuit court entered an order denying Bay Town Bonding's Rule 60(b)(4) motion. Bay Town Bonding did not appeal from the order denying its Rule 60(b)(4) motion.[6]

---

[5]The original notice of appeal incorrectly identified the appellee. This court eventually ordered that the State of Alabama, which is the proper appellee and which was listed in the docketing statement, be designated as the sole appellee. See Okafor v. State, 225 So. 3d 72, 79 (Ala. Civ. App. 2016), rev'd on other grounds, 225 So. 3d 93 (Ala. 2016).

[6]A Rule 60(b)(4) motion is a collateral attack on the judgment, see Denton v. Edmiston, 475 So. 2d 877 (Ala. Civ. App. 1985), and an order denying the motion is itself a separate final judgment that may be appealed. See Wilger v. Department of Pensions & Sec., 343 So. 2d 529, 532 (Ala. Civ. App. 1977). Because Bay Town Bonding did not appeal from the order denying its Rule 60(b)(4) motion, we do not consider any issues germane to that motion.

Issue

The dispositive issue before this court is whether the circuit court erred in failing to discharge Bay Town Bonding from liability on the bond because it did not properly and timely serve Bay Town Bonding with notice of the conditional bond-forfeiture order.

Analysis

"The basis of all undertakings of bail ... is to ensure the appearance of the defendant in court, and the undertaking is forfeited by the failure of the defendant to appear." Ala. Code 1975, § 15-13-130. "When a defendant fails to appear in court as required by the undertaking of bail and no sufficient excuse has been provided to the court prior to the hearing, the court shall order a conditional forfeiture and show cause order against the defendant and the sureties of the bail." Ala. Code 1975, § 15-13-131(a). The court shall notify the defendant and the sureties of the conditional forfeiture and show-cause order. Id. Section 15-13-133, Ala. Code 1975, requires sureties to provide to the clerk of the circuit court their current and proper address for service. Section 15-13-134, Ala. Code 1975, governs service of the conditional forfeiture and show-cause order and provides:

7

"A conditional forfeiture notice may be served by any law enforcement officer, at the law enforcement office in the same manner as a summons in a civil action, except that service may not be by publication. At the law enforcement officer's discretion and expense, the notice may be served by certified mail, requiring a signed receipt or some equivalent thereof. In the event the notice is served by certified mail, return of the receipt properly signed shall be prima facie evidence of service. A surety may sign for the forfeiture with the clerk of the court. The notice required by this subsection shall be returned by the individual serving it, with his or her proper return endorsed thereon, within 30 days of the date of issuance or within five days of service, whichever period of time is shorter."

Section 15-13-136, Ala. Code 1975, provides:

"In forfeiture cases where the clerk of the court has failed to issue the conditional forfeiture notice as stipulated in Section 15-13-132[, Ala. Code 1975,] and where there has been no service as set out in Section 15-13-134[, Ala. Code 1975,] made within 90 days after the order of the court as set out in Section 15-13-131, [Ala. Code 1975,] and where the sureties have complied with Section 15-13-133, [Ala. Code 1975,] then the sureties shall be discharged from all liability of the bail and the conditional judgment shall be set aside against those sureties."

Bay Town Bonding asserted in its November 11, 2024, motion that the circuit court had entered a conditional bond-forfeiture order. That order does not appear in the record before this court. Bay Town Bonding further asserts that it was not served with notice of the conditional bond-forfeiture order in accordance with § 15-13-134. Section 15-13-134 authorizes service of a notice of a conditional bond-forfeiture order by a

8

law-enforcement officer "in the same manner as a summons in a civil action, except that service may not be by publication." Rule 4(i), Ala. R. Civ. P., authorizes service by a process server, by certified mail, or by common carrier. Rule 4(i) does not authorize service by electronic mail.

In this case, the circuit court specifically found in its November 15, 2024, order that its records showed that "a copy of the notice for conditional forfeiture was emailed to Bay Town Bonding on June 20, 2024[,] and also mailed." The record before this court shows that, on June 20, 2024, the clerk of the circuit court e-mailed Bay Town Bonding an order, but the record does not contain that order. Regardless, a conditional forfeiture order cannot be served electronically. The record also shows that, on June 20, 2024, the circuit court issued to Bay Town Bonding an order to attend a bond-forfeiture hearing. That order did not substantially comply with the form of a notice of a conditional bond-forfeiture order as established by Ala. Code 1975, § 15-13-132.[7]

---

[7]Section 15-13-132 provides:

"A notice of the rendition of the judgment set forth in Section 15-13-131[, Ala. Code 1975,] shall be issued by the clerk of the court and served according to the terms as established in this article within 90 days of the court's conditional forfeiture order to the defendant and sureties. The notice may be in the following form:

_____

"STATE OF ALABAMA _____ (or City of _____)
Defendant

"vs.

"_____ County_____ Surety Case No. _____
Surety Charge: _____ Conditional Forfeiture Notice
"To:

"_____

"Court Defendant _____ Surety

"You are hereby notified that your name appears as a surety on the bond in the above styled case. This case was called for trial on _____ (date) and the defendant was not present to answer. Therefore, a conditional forfeiture of _____ dollars was entered against you.

"You shall file a written response within 30 days after you receive this notice and show cause to the court why this bond amount and the court cost incident to this forfeiture should not be made final.

"If no action on your part is taken 30 days after the date you receive this notice, a final forfeiture may be entered against you by the court. The sheriff shall collect the amount of the bond and court cost from you or levy on your property to satisfy the forfeiture case. If you file a written response and the court is of the opinion your written response is not sufficient to set aside the conditional forfeiture, then the court shall set a final forfeiture hearing date and you will be notified at the address provided on the response.

"This bond forfeiture is a court case against you separate from the defendant's criminal case. The court has also ordered that the defendant be re-arrested in the original case.

Furthermore, that order was addressed to Bay Town Bonding at its business address, but there is no indication that it was to be served by a law-enforcement officer by certified mail or that the clerk complied with Rule 4(i)(2)(B)(i), Ala. R. Civ. P., to effectuate service by certified mail.[8] The record also does not contain any return of service with an endorsement showing that a law-enforcement officer served that order on

---

"Date issued: _____

"By _____

"Clerk"

[8]Rule 4(i)(2)(B)(i) provides:

"In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The case number of the case in which the pleading has been filed shall be included on the return receipt. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received."

Bay Town Bonding by certified mail as required by § 15-13-134. Thus, even if that order could be considered as a notice of the conditional bond-forfeiture order, the record does not show that it was properly served on Bay Town Bonding. The record does not support any implicit finding that a notice of the conditional bond-forfeiture order was served on Bay Town Bonding by certified mail in compliance with § 15-13-134.[9]

In other civil cases, "[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." Ex parte Volkswagenwerk Aktiengesellschaft, 443 So. 2d 880, 884 (Ala. 1983). Applying that principle to this case, the burden was on the State to prove that it had properly served Bay Town Bonding with notice of the conditional bond-forfeiture order. In its brief to this court, the State concedes that the record does not show whether service was accomplished by certified mail and asks this court to remand the case for an evidentiary proceeding to determine that fact. However, once service

---

[9]Bay Town Bonding asserts that the record from case number CC-24-639.50 shows that certified mail was sent only to Robert Green, which was returned "not found"; however, we cannot consider that assertion because it is based on material outside the record in this case. See Ex parte Harrison, 7 So. 3d 1020, 1024 (Ala. Civ. App. 2008).

was contested, the burden was on the State to produce affirmative evidence at that time showing that it had properly served Bay Town Bonding, and it did not do so. Instead, the circuit court proceeded without such evidence, relying solely on the June 20, 2024, e-mail sent by the clerk of the circuit court and June 20, 2024, order issued by the circuit court, neither of which complied with § 15-13-134. The record contains no evidence indicating that Bay Town Bonding was served by certified mail because the State did not attempt to provide that evidence. We find no basis for remanding the case for the evidentiary hearing now requested by the State.

## Conclusion

The circuit court denied Bay Town Bonding's motion requesting that it be discharged from liability on the bond solely because it determined that Bay Town Bonding had been properly served with notice of the conditional bond-forfeiture order. The record does not support that conclusion. The record indicates that Bay Town Bonding was not properly served with notice of the conditional bond-forfeiture order within 90 days of its entry. Accordingly, we reverse the judgment, and we remand the case for the circuit court to enter a judgment discharging Bay Town Bonding from liability on the bond in accordance with § 15-13-

136. <u>See</u> <u>Elite Bail Bonding Co. v. State</u>, 827 So. 2d 823, 828 (Ala. Civ. App. 2002); <u>Briner v. City of Midfield</u>, 831 So. 2d 53, 57 (Ala. Civ. App. 2002).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.